In the Matter of the Will of BENJAMIN F. MILLER, Deceased. MARY A. WINSHIP et al., Appellants; WARREN F. DARROW et al., Respondents.

WILL — PRIMARY GIFT OF FEE DEFEATED, WITH SUBSTITUTION OF BENEFICIARIES, BY HAPPENING OF CONTINGENCY IN LIFETIME OF TESTATOR — RATIFICATION OF WILL BY CODICIL. The will of Benjamin F. Miller devised and bequeathed all of his estate, both real and personal, to his daughter, "to her and her heirs and assigns forever," made provision for her guardianship and custody, committed the care and improvement of her estate, with power of sale, to the executors during her minority, or until she married, and, in a separate clause, provided as follows: "Upon condition, however, that in case of the death of my said daughter prior to her attaining the age of twenty-one years, or without issue her surviving, then and in that case I devise and bequeath the whole of the residue of my said estate in the hands of my said executors to Anna Darrow, wife of

Warren F. Darrow, and to their daughter Edith Darrow, share and share alike, or in case of the prior death of either of them, the whole thereof to the survivor of them, to them, their heirs and assigns forever." The testator's daughter died when about six months old, and before the testator, who, after her death, executed a codicil, in which, after reciting the making and publication of his previous will, he simply gave directions as to his interment. *Held*, that the gift over to the Darrows, upon the condition named, was as clear and unambiguous as was the primary gift to the daughter; that it substituted them in her place on the happening of the condition; that as a ratification of his will, the execution of the codicil by the testator, after his daughter's death, could only point to his understanding that the Darrows were then the devisees and legatees of his estate; and, hence, that, the primary gift having been defeated, all of the estate which remained after the payment of the testator's debts and administration expenses, went, by the gift of the residue in the conditional clause, to the Darrows.

*Matter of Miller*, 11 App. Div. 337, affirmed.

(Argued October 27, 1899; decided November 21, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, and from the judgment entered thereon December 22, 1896, reversing a decree of the Surrogate's Court of Saratoga county, construing the will of Benjamin F. Miller, deceased, on proceedings for the probate thereof.

The deceased, a young man of twenty-six years of age, by his last will and testament, provided, "*First.* After all my lawful debts are paid, I give, devise and bequeath all of my estate, both real and personal, to my daughter, Lucy Schallehn Miller, to her and her heirs and assigns forever." Immediately following this clause, the testator proceeds to give to his executors the care, custody and control of his daughter for such time as she shall remain unmarried and under the age of one and twenty years; he empowers them from and after his decease, until the happening of either of the above events to his daughter, " to manage and improve the estate and fortune of my said daughter by me hereby given her for her use and benefit, etc. ;" and, after further empowering them to sell and convey lands in the execution of their duties, etc., he commits her guardianship to them. Then follows, in the will, this

separate clause : " Upon condition, however, that in case of the death of my said daughter prior to her attaining the age of twenty-one years, or without issue her surviving, then and in that case I devise and bequeath the whole of the residue of my said estate then in the hands of my said executors to Anna Darrow, wife of Warren F. Darrow, and to their daughter, Edith Darrow, share and share alike, or in case of the prior death of either of them, the whole thereof to the survivor of them, to them their heirs and assigns forever." Warren and Anna Darrow were appointed his executors. She was the sister of the testator's deceased wife and Edith was her daughter.

The will was executed on November 30th, 1892. The testator's wife had died in the previous month and his daughter, Lucy, died in May, 1893, at the age of about six months. Subsequently, in November, 1895, and but a few days before his death, the testator executed a codicil ; in which, after reciting the making and publication of his previous will, he simply gave directions that his interment should be according to the rites and usages of a certain commandery of the Knights Templar.

Upon the proceedings for the probate of the will, the mother, sister and half-sister of the deceased, as his only heirs at law and next of kin, claimed a construction by the surrogate that the gift over to Anna Darrow and Edith Darrow was void, by reason of the prior death of the testator's daughter. The surrogate decided in favor of that contention, holding that it was the intention of the testator to make the gift over to the Darrows only in the event that his daughter should survive him. Upon appeal, the Appellate Division reversed so much of the decree of the surrogate as had so construed the will and adjudged the gift over to the Darrows to be valid.

The testator's heirs at law and next of kin have now appealed to this court.

*C. H. Sturges* for appellants. There was an absolute bequest of all testator's property to his daughter, and the

attempted limitation thereof was void. (*Byrnes* v. *Stilwell*, 103 N. Y. 453; *Benson* v. *Corbin*, 145 N. Y. 351; *Roseboom* v. *Roseboom*, 81 N. Y. 356; *Goodwin* v. *Coddington*, 154 N. Y. 283; *Clay* v. *Wood*, 153 N. Y. 134; *Washburn* v. *Cope*, 144 N. Y. 287; *Campbell* v. *Beaumont*, 91 N. Y. 464; *Smith* v. *Van Ostrand*, 64 N. Y. 278; *Terry* v. *Wiggins*, 47 N. Y. 512; *Matter of Cager*, 111 N. Y. 343.) The gift over was not intended to be substitutionary, and failed because the contingency contemplated never happened. (*Rich* v. *Hawxhurst*, 114 N. Y. 512; *Hone* v. *Van Schaick*, 3 N. Y. 538; *Cottman* v. *Grace*, 112 N. Y. 299; *Goodwin* v. *Coddington*, 154 N. Y. 283; *Scott* v. *Guernsey*, 48 N. Y. 106; *Crooke* v. *County of Kings*, 97 N. Y. 421; *Doe* v. *Dring*, 2 M. & S. 445; *Quinn* v. *Hardenbrook*, 54 N. Y. 83; *Hennessy* v. *Patterson*, 85 N. Y. 91; *Matter of N. Y., L. & W. Ry. Co.*, 105 N. Y. 89.) No property was covered by the description of the gift, and, therefore, none passed under this will to Anna Darrow and Edith Darrow. (*Roe* v. *Vernon*, 5 East, 51; *Munro* v. *Alaire*, 2 Caines, 320; *Beardsley* v. *Hotchkiss*, 96 N. Y. 201; *Holmes* v. *Hubbard*, 60 N. Y. 183; *Kerr* v. *Dougherty*, 79 N. Y. 327; *Quinn* v. *Hardenbrook*, 54 N. Y. 83.)

*J. W. Houghton* for respondents. The manifest intent of the testator was that his property should go to his daughter and in case of her death before his own or before arriving at the age of twenty-one years without issue if she survived him, then to the respondents, the Darrows. (*McLean* v. *Freeman*, 70 N. Y. 86; *Schult* v. *Moll*, 132 N. Y. 122; *Johnson* v. *Brasington*, 156 N. Y. 181; *Matter of Miner*, 146 N. Y. 131; *Lamb* v. *Lamb*, 131 N. Y. 235; *Provost* v. *Provost*, 70 N. Y. 144; *Taggart* v. *Murray*, 53 N. Y. 236; *Colby* v. *Doty*, 158 N. Y. 323; *Norris* v. *Beyea*, 13 N. Y. 273.) The Darrows were residuary legatees under the last clause of the will of the whole of the residue of the estate, which is the entire estate. (*Matter of Benson*, 96 N. Y. 509; *Riker* v. *Cornwell*, 113 N. Y. 125; *Carter* v. *Bd. Education*, 144 N. Y. 621; *Wager*

v. *Wager*, 96 N. Y. 164; *Crozier* v. *Bray*, 120 N. Y. 366; *Decker* v. *H. S. M. E. Church*, 27 App. Div. 408; *Morton* v. *Woodbury*, 153 N. Y. 243; *Matter of Miner*, 146 N. Y. 121.) Even if the will be construed as creating a trust for the benefit of the daughter until she arrive at the age of twenty-one years, or marry, or until she should die leaving issue, the fact that she died before the testator, and that, therefore, the trust never had any inception, does not affect the question, for the fact that a trust fails does not prevent a substituted legatee from taking. (*McLean* v. *Freeman*, 70 N. Y. 85; 4 R. S. [8th ed.] 2428, § 21.)

GRAY, J. I think the case was well decided at the Appellate Division. As I understand the argument of the appellants, it is that the testator had already made an absolute gift of all of his property, by the will, and that the later clause in the instrument, which seemed to limit the estate upon a condition, was too ambiguous and, therefore, was ineffectual to accomplish that result; within that general rule, in the construction of wills, that the cutting down, or the lessening, of an estate already given cannot be done except by words as clear and unambiguous as were the words of the gift. Then the further argument is that, if the gift over to the Darrows was intended to be substitutionary, it failed because the contingency never happened which was to make the gift to them operative.

The claim of the appellants, however, is not supported by that construction of the will which, in my opinion, its fair reading — especially when read in the light of surrounding circumstances — warrants. The intention of the testator seems very plain. He intended, undoubtedly, a gift of the whole of his estate to his daughter; but he had in mind the possibility of his own early death and her condition of infancy and, therefore, made elaborate provision for it. Her guardianship and custody, and the care and improvement of her estate, were confided to the executors during her minority, or until she married. The condition then was added that, in the event

of death while under twenty-one years of age, or without issue her surviving, the estate was to go to the Darrows. If all the provisions of the will were eliminated, which intervened between the gift of the estate to the daughter and the conditional clause, what reasonable doubt could there be as to the clear intention of the testator; that is, to provide for the happening of the condition, by substituting other persons to take, in his daughter's place? The arrangement of the clauses may be inapt, and there may be some inaccuracy in expression; but there is a clear design and purpose in the instrument, which dominate throughout, and to effectuate such all else in language, or in arrangement of clauses, will be subordinated. The intervening provisions will not be permitted to affect the evident scheme of this will; if, in fact, they might be deemed to do so.

The gift over to the Darrows, upon the condition named, was as clear and unambiguous, as was the primary gift to the daughter. The gift to her, if she should survive the testator, was subject to be defeated by a condition subsequent, upon the happening of which the gift to the Darrows would vest in possession, and thus displace the prior fee given to the daughter. (*Vanderzee* v. *Slingerland*, 103 N. Y. 47.) It was an executory gift to them and, though the testator may not appear to have provided, in terms, for the event of his daughter's death in his lifetime, his actual intention that the executory gift should, nevertheless, take effect is a necessary legal implication. (2 Jarman on Wills, *1642; *McLean* v. *Freeman*, 70 N. Y. 81.) In *McLean* v. *Freeman*, it was observed by Judge ALLEN that " a testator is presumed to calculate on the dispositions of his will taking effect, and hence several and succeeding gifts of the same fund or property will be considered as intended to take effect in their proper order, each object of the testator's bounty to take upon the failure of the prior dispositions, either *ab initio* or at any time before it becomes indefeasible in the donee." Clearly, the testator did not intend that any other person should enjoy his estate than his daughter, or, in the alternative, the Darrows.

We find strong confirmation of that intention in the situation. When he makes his will, his daughter is but one month old. As his executors and the persons who shall be her guardians, both of person and of estate, he appoints Mr. and Mrs. Darrow, and when he makes the codicil to his will, after his daughter has died, he makes no alteration in its terms. As a ratification of his will, the execution of this codicil could only point to his understanding that the Darrows were then the devisees and legatees of his estate; for, in view of his daughter's decease, the provision of the will in their favor remained as his sole testamentary disposition, as it was remarked by Mr. Justice PUTNAM at the Appellate Division. In executing a codicil which, in effect, republished his will, he cannot, in any reasonable view, be regarded as intending that the Darrows should take nothing.

Nor do I think that there is any force in the suggestion by the appellants, that, as the gift to the Darrows was of "the whole of the residue of my said estate then in the hands of my said executors," no property was covered by the description. The gift of the residue would carry with it whatever "then," that is when the gift was executed, could be given of the estate. The residuum, for its ascertainment, was not fixed by, nor did it depend upon, the execution of provisions which had become impossible of performance. The primary gift having been defeated, all of the estate which remained after the payment of the testator's debts and administration expenses, went, by the gift of the residue of the estate, to the Darrows.

I think the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.