(52 Misc. Rep. 245)

FARNEY et al. v. WEIRICH et al.

(Supreme Court, Special Term, Lewis County. December, 1906.)

WILLS—CONSTRUCTION—ABSOLUTE GIFT.

> Testator gave his wife all his estate, with power to sell the same, except that she should pay his son $10 out of the real property, after her death, as his share of his inheritance, and in a further clause provided that any of the property left after the death of his wife and after paying the $10 to his son should be divided among the rest of his children, except that he gave to his granddaughter K. $100. *Held*, an absolute gift of the entire estate, except the $110, to his wife, which was not cut down by a clause providing for a devise to his children, if any of his property should be left after his wife's death.

Action by Samuel S. Farney and others against Jacob Weirich and others to construe a will. Judgment rendered.

C. S. Mereness, for plaintiffs.
Turner & Bowman, for defendant Weirich.
John Conboy, for defendant Catherine Scriminger.

SCRIPTURE, J. This action was brought for the construction of the last will and testament of Christian Farney, a resident of the town of New Bremen, Lewis county, N. Y., who died January 11, 1902. He made and published said will December 14, 1901. The will was drawn by a layman, and all parties to this action concede the will to be ambiguous in its terms and conflicting as to the second and third clauses. At the time the will was drawn, and at the death of the testator, he owned no real estate. His property consisted wholly of money and securities. The same inventoried at $5,926.40, and his estate amounts at this time to about the same sum. The plaintiffs were the executors named, and letters were duly issued to them March 4, 1902, at which time they duly qualified, and ever since have been engaged in the discharge of their duties as such, having in possession and control the entire estate.

The testator died, leaving a widow, Magdalene Farney, seven sons, and two daughters; also a grandchild, Katie Scriminger, who was the daughter of Martha Farney, one of the daughters of the testator. The testator's daughter Anna E. was the wife of defendant Jacob Weirich, and departed this life after the probate of the will, dying intestate, leaving no descendants, but leaving surviving her husband, the defendant Jacob Weirich. The defendant Magdalene Farney is an old lady, upwards of 70 years of age, who resides with one of her children and is supported from the income derived from the estate of her deceased husband. The widow desires the executors to turn over to her the entire estate, so that she may do with the property as she sees fit, claiming absolute title to the same, subject to the payment of $10 to her son Timothy and $100 to the granddaughter Katie, under the fourth clause of the will.

The executors ask for construction of the will upon the following grounds, namely: That there is a controversy among the beneficiaries as to the legal effect thereof; that they are unable to determine whether the absolute bequest of the estate in their hands in the second clause of said will is cut down to a life estate under the third clause of said will, and whether the widow is entitled to the actual custody and control of all of said estate, with power to dispose of the same as her own, or whether she is only entitled to the use and income thereof; whether the increase of said estate belongs to the said widow or to the legatees named in the third clause. They are unable to determine whether the legacy in the fourth clause should now be paid, or not until the death of the widow. If the widow only has a life estate, they are uncertain whether it should be divided equally between those named in the third clause, or whether 'the personal representatives of Anna Weirich are entitled to the share that would be payable to her if living. If the widow has only a life estate, or the use of said property, has she any right to use any portion of the principal; and, if so, to what extent, and under what circumstances? The defendant Weirich insists that the evident purpose of this action on the part of the executors, who are acting in concert with their brothers and sisters, while nominally for a construction of the instrument and for instructions, is to deprive him, as surviving husband, from any share in decedent's estate.

The will in question, omitting the formal parts, reads as follows:

"First. I direct that all my just debts and funeral expenses be paid.

"Second. I give, devise and bequeath to my beloved wife, Magdalene Farney, all my real and personal estate of every kind and nature whatsoever forever, with full power to sell, dispose of and give good and valuable deeds for same, except that she shall pay to my son Timothy T. Farney ten dollars out of this my real property, after her death, as his share of his inheritance of all my property.

"Third. I devise, if any of this my property be left after the death of my beloved wife, Magdalene Farney, after paying the above ten dollars mentioned, to my son Timothy T. Farney, the rest residue and remainder of my property be equally divided among the rest of my children, Samuel Farney, Benjamin B. Farney, Christian C. Farney, Joseph F. Farney, Lena C. O'Connor, Nathaniel Farney, Anna E. Weirich, Jonathan W. Farney, said division to be made equally and each shall share alike; among the last eight named of my children.

"Fourth. Excepting I give, devise and bequeath to my granddaughter Katie, daughter of my daughter Martha, the sum of one hundred dollars.

"Lastly. I hereby appoint Samuel Farney and Jonathan W. Farney, my sons, to be executors of this my last will and testament, hereby revoking all former wills by me made.

"In witness whereof, I have hereunto subscribed my name the 14th day of December in the year of our Lord 1901."

In the construction of wills, the intention of the testator, as ascertained from the will, governs the construction thereof; and this is true in construing a will with a view of determining whether a legacy is vested or contingent. Thus, where there is an express direction as to the time of vesting, all questions of construction are out of the case. The rule that the law favors the vesting of the legacies must give way to the intention of the testator as expressed in the will. But a legacy will be held to be vested, unless the contrary intention on the part of the testator is clearly manifested; and the intent that it shall be contingent will not be presumed, unless it is necessary in order to carry out the other provisions or implications of the will. Hafner v. Hafner, 62 App. Div. 316, 171 N. Y. Supp. 1, affd., 171 N. Y. 633, 63 N. E. 1117; Haug v. Schumacher, 50 App. Div. 562, 64 N. Y. Supp. 310, 166 N. Y. 506, 60 N. E. 245; Harding v. Harding, 174 Mass. 268, 54 N. E. 549; Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709; Bowditch v. Ayrault, 138 N. Y. 222, 33 N. E. 1067; Matter of Seaman, 147 N. Y. 69, 41 N. E. 401; Corley v. McElweel, 149 N. Y. 228, 43 N. E. 628; Travis v. Morroson, 28 Ala. 498; Foster v. Helland, 56 Ala. 474; Matter of Tucker, 63 Vt. 104, 21 Atl. 272, 25 Am. St. Rep. 743. As in devises of realty, so in regard to bequests of personalty, is that construction favored which regards interests derived under a will vested rather than contingent; and legacies' thereof will always be held to be vested, unless the intention of the testator to the contrary clearly appears. See 24 Am. & Eng. Ency. of Law, 285; Smith v. Edwards, 88 N. Y. 92. Upon the same principle, an estate, once given, will not be defeated by subsequent provisions of the same instrument, unless the intention of the testator, as shown in his will, fairly construed, so requires. Thomson v. Hill, 87 Hun, 111, 33 N. Y. Supp. 810; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20.

It is the duty of the court to harmonize and retain, as far as possible, all the provisions of the will; to reject no words of the maker, except upon imperative necessity; and to seek for all of them some force and operation. The court may punctuate, add, omit, or substitute words, in order to give effect to the actual intention appearing from the instrument as a whole, as by adding commas and relative pronouns, changing "and" to "or," correcting plural into singular, transposing, inserting, and omitting. Where the testator's object is unworthy, or commands the just condemnation of the court, it will not strain to support its plan; but, apart from this objection, it endeavors to find a way of upholding the will, and to effectuate it through some legal channel of construction if any be open. Crooke v. County of Kings, 97 N. Y. 421, 434; Fraser v. Trustees, 124 N. Y. 479, 26 N. E. 1034; Roe v. Vingut, 117 N. Y. 204, 22 N. E. 933; Weeks v. Cornwell, 104 N. Y. 325, 10 N. E. 431; Mott v. Ackerman, 92 N. Y. 539; Starr v. Starr, 132 N. Y. 154, 30 N. E. 384; Matter of Patton, 111

N. Y. 480, 18 N. E. 625; Greene v. Greene, 125 N. Y. 506, 26 N. E. 739, 21 Am. St. Rep. 743; Terry v. Wiggins, 47 N. Y. 512; Duclos v. Benner, 136 N. Y. 560, 32 N. E. 1002.

On reading the will of Christian Farney we start with an absolute gift of his entire estate to his wife, which could not be more simply expressed; nor could it be more plain, clear, and unmistakable in its meaning. Such a devise and bequest cannot be nullified by construction on the theory that, where clauses are antagonistic, the latter must stand as the last intention of expression, because that theory rests only upon necessity, and is never applied unless the last clause is as clear as the first and cannot be reconciled therewith. It is only where the latter provision is as plain and decisive as the earlier, when the real intent of the testator cannot be gathered from the general scope of the will or otherwise, and when the two provisions are wholly irreconcilable and cannot possibly stand together, that, as a desperate remedy, resort is had to the last clause as expressing the latest intent, in order to save one, instead of sacrificing both. Adams v. Massey, 184 N. Y. 62, 76 N. E. 916. Doubt as to the meaning of the last clause, instead of destroying the devise and bequest of the first, confirms it. An express bequest or devise cannot be cut down by a clause of doubtful meaning. With these principles in mind, on comparison of the second and third clauses, we find that the second admits of no discussion, for it can have but one meaning, which is manifest upon the first reading. It is said that the will was drawn by a layman; but it is brief, clear, and explicit as to the second clause. It gives, devises, and bequeaths to his wife all his real and personal estate, of every kind and nature whatsoever, forever. If the testator had finished the second clause at and including the word "forever," could it reasonably be urged, in view of the uncertainties and contingencies expressed in the third clause, that the testator did not intend to give all of his property, whether real or personal, or both, to his wife?

The testator, to carry out his intention, so there could be no doubt as to his meaning, in case he was possessed of real estate at his decease, adds:

"With full power to sell, dispose of and give good and valuable deeds for same, except that she shall pay to my son Timothy T. Farney ten dollars out of this my property, after her death, as his share of his inheritance of all my property."

In the fourth clause of his will, he gives his granddaughter $100 and excepts the same from the entire estate given his wife. His wife, as legatee, on the death of her husband, was vested with the title to all the personal property of every kind and nature whatsoever. If he had been possessed with real property, she would have had the fee. The estate given the wife is in no manner reduced or cut down, and does not depend on any condition, except the wife shall pay the son Timothy $10, but not until after her death; and, by the fourth clause, the granddaughter is to be paid $100. When there is a clear gift, distinct from the direction to pay, the time of payment being merely postponed, and not annexed to the substance of the gift, the legacy vests immediately, unless the time of payment appears to have been fixed by the testator as absolutely necessary to have

arrived before the vesting of the legacy. The gift is considered as
debitum in præsenti solvendum in futuro. Smith v. Edwards, 88
N. Y. 103; Nathan v. Hendricks, 147 N. Y. 348, 41 N. E. 702; Mil-
ler v. Gilbert, 144 N. Y. 73, 38 N. E. 979; Smith v. Parsons, 146
N. Y. 116, 40 N. E. 736; Matter of Conger, 81 App. Div. 493, 80
N. Y. Supp. 933.

In Goodwin v. Coddington, 154 N. Y. 283, 48 N. E. 729, it was
said by Judge O'Brien:

"Wherever the will begins with an absolute gift, in order to cut it down,
the latter part of the will must show as clear an intention in that direction as
the first part does to make it."

In Clarke v. Leupp, 88 N. Y. 228, the court said:

"It is well settled by a long succession of well-considered cases that, when
the words of the will in the first instance clearly indicate a disposition in the
testator to give the entire interest, use, and benefit of the estate absolutely to
the donee, it will not be restricted or cut down to any less estate by subse-
quent or ambiguous words."

In Roseboom v. Roseboom, 81 N. Y. 356, the will of the testator
provided:

"I give and bequeath my beloved wife, Susan, one-third part of all my prop-
erty, both real and personal, and to have the control of my farm as long as she
remains my widow, and at the death of my wife all my property, both real
and personal, to be equally divided between my eight children."

The court held that the widow took an absolute fee in one-third
of the premises, and quoted the rule in Thornhill v. Hall, 2 Cl. &
Fin. 22, as sustaining that decision:

"It will be observed in the case last cited that the gift was all contained in
one clause and shows a clearer intention on the part of the testator to only give
his wife a life estate of one-third part of his property than the will under con-
sideration shows that the testator intended to give all of his property to be
used by her for her support according to her necessities and not an absolute
gift; for he expressly states in the same clause that all of his property, both
real and personal, shall be equally divided at the death of his wife between his
eight children."

In Brynes v. Stillwell, 103 N. Y. 453, 9 N. E. 241, 57 Am. Rep.
760, it is said:

"An estate in fee created by will cannot be cut down or limited by a subse-
quent claim, unless it is as clear and decisive as the language of the clause
which devises the estate"—citing Roseboom v. Roseboom, Freeman v. Coit, 96
N. Y. 63.

In Washburn v. Cope, 144 N. Y. 287, 39 N. E. 388, the rule that
courts will refuse to cut down an estate already granted in fee or
absolutely when the supposed terms of limitation are to be found in
some subsequent portion of the will and are not clear in themselves,
unmistakable, and certain, so there can be no doubt of the meaning
and intention of the testator, was again recognized and followed.

It will be seen from the foregoing cases that no distinction exists
between a devise of realty and an absolute gift of personal property.

The defendant contends that the will gives the widow a life estate,
with the right to use the income and so much of the principal as
may be necessary for her support, and cites the cases of Kurtz v.

Weichmann, 75 App. Div. 25, 77 N. Y. Supp. 964; Spencer v. Strait, 38 Hun, 228; Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291; Crozier v. Bray, 120 N. Y. 366, 24 N. E. 712; Matter of Miller, 161 N. Y. 71, 55 N. E. 385; Hatfield v. Sneden, 54 N. Y. 280.

In Kurtz v. Weichmann the gift in one clause of an estate in fee, and in a subsequent clause of an estate in remainder, was held to be only a life interest therein with power specified in the will. Williams, J., writing for the court:

"When an absolute estate is given in one part of the will in clear and decisive terms, such estate cannot be cut down or limited to a life use by a subsequent part of the will unless the part providing for a life estate is expressed in as clear and decisive language as the part giving the absolute estate."

In Spencer v. Strait the gift to the wife was clearly expressed, and the very careful provision made by the testator directing one half of his estate to be divided between his relatives named in the will, and the other half between her heirs, or to whom she may see fit to bequeath it, could not be disregarded. In this case the bequest and devise were all in one clause; and the rule, strictly applied to the construction of wills, where in one clause an absolute estate is given in clear and decisive language, and in another and later clause a life estate is given in ambiguous terms and contradictory, does not apply.

In Spencer v. Strait the wife had a separate estate, and the action was brought after her decease. .

Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291, is not an authority for the defendants' contention. It belongs to that class of cases which hold that the gift to Mrs. Farney is an absolute one.

The case of Crozier v. Bray, 120 N. Y. 366, 24 N. E. 712, is not in point. In that case there was a will and codicil. They were plainly inconsistent; and, in the construction of the will, it was the duty of the court to allow the codicil in order to carry out the intention of the testator. The will was made in 1864, and the codicil in 1872.

In Matter of Miller, 161 N. Y. 71, 55 N. E. 385, that was a case where the primary gift of the fee was defeated, with the substitution of beneficiaries, by the happening of contingencies in lifetime of testator and ratification of his will by codicil. The principles applied by the court in deciding the case have no direct application to the construction of a will where an absolute estate is cut down to a lesser one, where one clause is clear and explicit and the other ambiguous and uncertain. Judge Grey, in writing the opinion of the court, refers only to the cases of McLean v. Freeman, 70 N. Y. 81, and Vanderzee v. Slingerland, 103 N. Y. 47, 8 N. E. 247, 57 Am. Rep. 701. The former holds that a testator is presumed to calculate on the disposition of his will taking effect; and hence several and succeeding gifts of the same fund or property will be considered as intended to take effect in their proper order, each object of the testator's bounty to take on the failure of the prior dispositions, either ab initio or at any time before it becomes indefeasible in the donee. In Matter of Miller, supra, Judge Grey says:

"The gift over to the Darrows, upon the condition named, was as clear and unambiguous, as was the primary gift to the daughter. The gift to her, if she

should survive the testator, was subject to be defeated by a condition subsequent, upon the happening of which the gift to the Darrows would vest in possession, and thus displace the prior fee to the daughter."

The will in question, in the second clause thereof, gives to the widow an absolute estate, with appropriate words for the disposition of real and personal property. The third clause contains no words appropriate to the disposition of personal property. This is not without significance, even in a will drawn by a layman, who, down to the last clause at least, used the words "devise" when speaking of real estate, and the words "give and bequeath" when speaking only of personal property, while a "devise" ordinarily passes real estate and a "bequest" personal property. Still it is important to note that the testator was conscious of the distinction between these words, and used them with an accurate and discriminating meaning. It is true, however, that in the third clause the testator uses the words "rest, residue and remainder" also the words "share and share alike." However, the primary and controlling word of the gift is "devise." The word "inheritance" is generally used to denote an estate which may descend to a man and his heirs, and includes all freehold estates, but not estates for life. It also includes the right to succeed to the estate of a person dying intestate. The will of the testator gave his wife, Magdalene, an estate in fee of all the real property which he owned, if any, and an absolute estate in all personal property. To make the gift more certain, he gives her full power to sell and dispose of the personal estate and give deeds of the realty. It seems to us very plain that he did not desire his wife to be prevented from using the property and the whole thereof, without restriction. She could dispose of it by will or otherwise. He gave his executors no authority in the premises. She was vested with the absolute ownership at the time of his death, subject only to the payment of $10, after her death, to the son Timothy, and $100 to the granddaughter, including the administration of the estate by the executors.

I am not clear as to the intention of the testator as expressed in the third clause of the will. Certainly he only attempted to devise the property in case his widow had not disposed of all. If he had intended that she should use so much of the property as was necessary for her comfortable support and living, he should have placed that limitation upon the gift. In no part of his will does he even attempt to cut down the absolute estate vested in his wife by the second clause. If the estate was vested without restriction by the second clause of the will, it could not be divested by the third clause. The estate, at the testator's death and now, consists entirely of personal property; and the title is in the widow. We do not feel, under these circumstances, called upon to determine the status of any property which might be left on the death of the widow, not disposed of by her by will or otherwise. It is not like a case where, by the terms of the will, a certain portion of an estate must remain inviolate until the death of the legatee or devisee, as the case may be. I am inclined to the opinion, from a careful reading of the whole will, that not even a contingent estate is created by the third clause thereof.

Judgment ·is ordered in accord with the findings and decision heretofore given.

Judgment accordingly.