1. WILLS—CONSTRUCTION—RIGHTS OF LIFE TENANT.
Where a testator makes his wife a life tenant of his property, with onehalf of the remainder to his kindred and the other half to hers, the increase of the property during the wife's lifetime, due to unexpended income, becomes her personal estate.

2. SAME—INVESTMENTS BY LIFE TENANT.
Gains made by a life tenant, by investments of the property of which she is a tenant, belong to the estate in remainder.

3. SAME—PRESUMPTIONS.
The presumption is that a life tenant did not mix her property with that of the estate in remainder.

In the matter of the judicial settlement of the accounts of Jesse K. Cutler, executor of Jesse B. Kenyon.    Decree on the findings.

Edson A. Hayward, for executor.
James H. Keyes, for heirs of Jesse B. Kenyon.
James W. Tucker, for Moses Lippitt.

ARNOLD, S.    The testator, Jesse B. Kenyon, died about 1869. By his will he made certain bequests, and then followed this clause:

"Lastly, I give and bequeath all the rest, residue, and remainder of my personal estate, goods, and chattels of whatsoever name or nature to my wife, Catharine, for her sole use and benefit, and subject to her control during her natural life, after which one-half of the remainder to be devised among my kindred as the law may direct, the other half subject to the will of my wife, Catharine, as she may devise among her kindred."

The will appointed testator's widow, Catharine Kenyon, and Jesse K. Cutler, executors thereof.    In 1870 these executors filed a petition for, and had a judicial settlement of, their accounts.    The specific legacies were duly paid, and a decree of this court was entered, setting the accounts.    The remainder of the estate passing under the clause of the will above quoted was found in and by said decree to be $8,832.67.    No part of this remainder was in money.    That sum represented the par value of certain stocks, bonds, and other securities which were turned over, as such estate in remainder, to Catharine Kenyon, life tenant.    She assumed and had sole charge, care, and control of the estate in remainder from that time down to the time of her death.    She died on the 13th day of March, 1895, leaving a last will and testament, which has been duly admitted to probate, and letters testamentary issued thereon.    Upon the death of Catharine Kenyon, the surviving executor took charge of said estate in remainder.    In these proceedings for a judicial settlement of his accounts as such surviving executor, numerous questions are raised by the various parties interested.    I have given all of these questions very careful consideration, and have passed upon them all in the findings filed herein.    None of these questions warrant any discussion here, except, perhaps, the question raised as to the portion of this estate which should pass to the representative of the estate of Catharine.

As stated before, the estate in remainder of which Catharine had a life use was made up of stocks, bonds, and other securities, of the par value of $8,832.67.    What the actual value was does not appear. By the accounts of the surviving executor filed in this proceeding it appears that he has realized in cash from the sale of securities which came into his hands upon the death of the life tenant the sum of about $12,000.    Some part of this sum may be accrued interest.    It is claimed by those interested in the estate of Catharine Kenyon that the difference between this sum and the sum first above stated (being about $3,000), represents accumulations of income; that these accumulations belong to the estate of Catharine Kenyon; that the heirs of Jesse B. Kenyon should now be paid only one-half of the said sum of $8,832.67; and that the balance of the moneys now in the hands of the surviving executor should be paid to the personal representative of the estate of Catharine Kenyon, to be distributed under her will.    It is a settled rule of construction that courts, in the determination of questions of this kind, are to be guided by the intent of the testator, to be ascertained from a consideration of all the provisions of his will.    Under the provisions of this will, the life tenant was undoubtedly entitled to the

income from the estate in remainder. If she succeeded in living within that income, and saved each year a part thereof, these savings undoubtedly belonged to her absolutely, and became her personal estate. Shangle v. Hallock, 6 App. Div. 56, 39 N. Y. Supp. 619; Hendricks v. Hendricks, 3 App. Div. 604, 38 N. Y. Supp. 402. It now becomes necessary to determine whether this apparent increase is the result of accumulations of income, or whether it is simply an increase resulting from the sale of the stocks, bonds, and other securities of which the estate in remainder consisted. No evidence is offered by any of the parties, except such as can be gleaned from the accounts filed in 1870 and the accounts now before the court. As before stated, the par value of the stocks, bonds, and other securities which constituted the estate in remainder in 1870 was $8,832.67. What the actual value of these securities was at that time does not appear. It might have been twice the par value, or any other sum. Among the securities were 19 shares of bank stock. Seven of these shares were sold by the life tenant. The remaining 12 shares were sold by the surviving executor for $2,040. If the other seven shares only brought par, this would give an increase of $840. The estate in remainder also consisted of $3,000 in town bonds of the towns of Milford, Otsego, and Richfield, and $3,000 in government bonds. These were sold by the life tenant, and the proceeds reinvested in other securities. The law is settled, I think, that in investments and reinvestments of this kind gains realized are capital, and not income. Gains made on stock taken at par and sold above par are accretions to the estate in remainder. Chaplin, Exp. Trusts, p. 313; In re Gerry, 103 N. Y. 445, 9 N. E. 235. No presumption will lie that this remainder has been increased by accumulations of income. The estate in remainder was in the sole charge of the life tenant. The investments and securities coming into the hands of the surviving executor on their face all belong to the estate in remainder. It will not be presumed that the life tenant mixed her own moneys with the moneys belonging to the estate in remainder, or that she invested her own moneys as executrix, or in the name of the estate. I have accordingly found that the moneys now in the hands of the surviving executor all belong to the estate in remainder. A decree may be entered according to the findings.

Decreed accordingly.