In the Matter of the Application of JOHN L. STEVENS, Administrator with the Will Annexed of CLARENCE B. STEVENS, Deceased, for Determination as to the Validity, Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of CLARENCE B. STEVENS, of the Town of Lewisboro, Westchester County, New York, Deceased.*

In the Matter of the Judicial Settlement of the Accounts of SELENA STEVENS (now Deceased), as Executrix, etc., of CLARENCE B. STEVENS, Deceased.

JOHN L. STEVENS, Individually and as Administrator with the Will Annexed of CLARENCE B. STEVENS, Deceased, and Others, Appellants; GEORGE E. LEROY and Another, Individually and as Executors, etc., of SELENA STEVENS, Deceased, and Others, Respondents.

Second Department, May 18, 1934.

* Revg. 149 Misc. 230.

*Harrison T. Slosson* [*Edward P. Barrett* with him on the brief], for the appellants.

*Willis H. Ryder* [*Clayton Ryder* with him on the brief], for the respondents.

PER CURIAM. Clarence B. Stevens died June 18, 1919, at the age of sixty-five years. His will was admitted to probate in the Surrogate's Court of Westchester county on August 8, 1919. The instrument is concise, and the only dispositive paragraph, the correctness of the surrogate's construction of which is the sole issue here, reads as follows:

" *Second.* I give, devise and bequeath all my estate, both real and personal, of every kind and nature, and wheresoever situate that I may own at my decease, to my wife Selena Stevens, with full power to sell and convey all or any part of said estate, and to give valid deeds therefor, and to apply the proceeds from such sales for her own use and maintenance during her natural life, and at her death whatever remains of said estate, I give, devise and bequeath to the Methodist Episcopal Church of Vista, in the Town of Lewisboro, New York."

The estate of the decedent consisted of a tract of land inclusive of a homestead and a general store located at Vista, N. Y.; a tract of land in the town of Poundridge, N. Y.; a tract of land in the town of New Canaan, Fairfield county, Conn., and a stock of merchandise in the store at the Vista property, which store he was conducting at the time of his death.

The widow, Selena Stevens, who was also executrix of this will, sold all of this real property with the exception of a small portion, carved out of the Vista, N. Y., tract, upon which the homestead stood. For this Vista property, so sold, she received on April 30, 1926, $3,250 in cash and a purchase-money bond and mortgage in the sum of $4,000, made to her *individually;* for the tract in the town of Poundridge she received, on or about August 4, 1928, $1,750 and a purchase-money bond and mortgage in the sum of $2,500, made to her *individually;* for the Connecticut property she received, on or about August 7, 1928, $1,243.10 after deductions for commissions, attorney's fees, etc., and a mortgage of $2,500, made to her as *executrix.*

While it appears that the value of the assets of the general store conducted by decedent cannot be ascertained with exactitude, the executors of Mrs. Stevens' will set forth in their account that

this property would not exceed $500, which, together with moneys of the decedent Clarence B. Stevens in the bank at the time of his death, totalled in all about $1,503.35, whereas administrative and burial expenses and debts of the decedent totalled in all the sum of $3,210.73.

Selena Stevens, the widow, died at the age of seventy-five years, on January 27, 1933, leaving a last will and testament which was admitted to probate by the surrogate of Westchester county on March 2, 1933. This will disposes of her estate to various relatives, with the exception of a bequest of $500 to the appellant Methodist Episcopal Church of Vista, N. Y.

It is not contended that the above-quoted second paragraph of the will of Clarence B. Stevens gave to his widow, Selena, *absolute* title to the estate. The learned surrogate held that the said second paragraph of the will " should be construed as giving the widow the right to invade the estate, with only her conscience as a check upon the possibility of the depletion of the estate and her right thereto limited only by her sole judgment as to the necessity, for her own use and maintenance during her life," and further held " that so much of the estate as she reduced to her own possession by placing the results of sales of real estate in banks or in mortgages in her own name belonged to her.".

It is the contention of the appellants that such assets of the estate of Clarence B. Stevens as remained in the hands of the widow, Selena, at the time of her death, whether or not formally reduced to her individual possession, constitute assets of his estate subject to disposition in accordance with the terms of his will. We are of opinion that this contention should prevail, and that there was error in holding that such assets of her husband's estate as Selena reduced to her own possession by sales of the real estate and placing of the proceeds in banks or in mortgages in her own name, which remained at the time of her death, belonged to her, to be disposed of in accordance with her testamentary scheme rather than his. Any or all of his estate was hers if applied to her maintenance; but his money and his property represented by these mortgages were not applied by her to her maintenance. If they had been, she would not have had them at the time of her death. The fact that these assets were retained by her leads *ipso facto* to the conclusion that the comprehended use of them by her in the plan of the testator was not availed of. She cannot be said to have disposed of them for the prescribed use and to have retained them, at one and the same time. They are available for and should be disposed of as the remainder of the husband's estate. A clause in a will such as is here under construction does not admit

of a conversion by the widow of her deceased husband's assets from herself as executrix to herself individually so as to descend or be conveyed by the widow to others than the specified remaindermen. (See *Vincent* v. *Rix*, 248 N. Y. 76, 80; *Terry* v. *Wiggins*, 47 id. 512, 516; *Seaward* v. *Davis*, 198 id. 415, 421; *Matter of Davies*, 242 id. 196, 199.)

The proceeding should be remitted to the surrogate to determine the amount of the estate of the decedent, Clarence B. Stevens, which came into the hands of his widow at the time of his death, and the portion thereof which the said widow did not dispose of for her own use and maintenance during her lifetime. The precise amount of the assets of the husband's estate which were in the hands of the widow, whether standing in her name individually or as executrix, can be ascertained only after a hearing, and upon such hearing there will remain for determination the applicability of section 17 of the Decedent Estate Law.

The order of the Surrogate's Court of Westchester county, and decree of said court in so far as appealed from, should be reversed on the law, with one bill of costs to the appellants and one bill of costs to the respondents, payable out of the estate, and proceeding remitted to the surrogate to proceed in accordance with the foregoing opinion.

LAZANSKY, P. J., KAPPER, CARSWELL, SCUDDER and TOMPKINS, JJ., concur.

Order of the Surrogate's Court of Westchester county, and decree of said court in so far as appealed from, reversed on the law, with one bill of costs to the appellants and one bill of costs to the respondents, payable out of the estate, and proceeding remitted to the surrogate to proceed in accordance with opinion.