In the Matter of the Estate of ELIZABETH STEWART HESLER, Deceased.

Surrogate's Court, Madison County, July 1, 1936.

*Woolsey & Woolsey*, for the executor, etc., of Mary L. Lillie, deceased.

*Frank R. Lennox*, for the administrator with the will annexed of Elizabeth Stewart Hesler, deceased.

CAMPBELL, S. This matter comes before the court on an agreed statement of facts. It involves the construction of the will of Elizabeth Stewart Hesler and the legal rights of the estate of Mary L. Lillie therein. The court is requested to decide the following questions:

1. Are the debts against the estate of Mary L. Lillie, contracted in her lifetime, a charge against the undisposed property of the estate of Elizabeth Stewart Hesler?

2. Are the mortgages placed by Mary L. Lillie on her property in the town of Sullivan, Madison county, N. Y., a charge against the undisposed assets of the estate of Elizabeth Stewart Hesler?

3. Are the cattle that were on the Elizabeth Stewart Hesler farm in the town of Cazenovia, Madison county, N. Y., at the time of the death of Mary L. Lillie, property of Mary L. Lillie or property of the administrator with the will annexed of the Elizabeth Stewart Hesler estate?

Elizabeth Stewart Hesler left an estate of about $11,000 in cash and a farm valued at about $5,000. Mary L. Lillie was the executrix of the last will and testament of Elizabeth Stewart Hesler, deceased, and took over the estate as such executrix and continued to operate the farm through tenants. Mary L. Lillie also owned a farm of the value of $5,000 or $6,000. Neither of the farms produced income sufficient to pay operating expenses and meet the needs of Mary L. Lillie.

During the past ten years, Mary L. Lillie disposed of the money in cash received from the Hesler estate. She also disposed of certain personal property of her own consisting of Western Union stock, also placed a mortgage on her individual farm for $1,400. She accumulated open accounts of approximately $2,000, which were

outstanding at the time of her death. At various times before her death, Mary L. Lillie had considered selling or placing a mortgage upon the Hesler farm for the payment of her individual debts.

The Hesler will contains the following provisions, which are of consequence in this proceeding and are the particular provisions which are before this court for construction:

" *Third.* All the rest, residue and remainder of my property, of which I may die seized or possessed, be the same real, personal or mixed, I will, bequeath and devise to Mary L. Lillie of the Town of Sullivan, County of Madison and State aforesaid, she being the daughter of John Lillie, deceased, for her use for and during the term of her natural life, hereby giving and granting unto the said Mary L. Lillie the right to use or dispose of any part of the principal of said remainder that she, the said Mary L. Lillie shall deem necessary for her proper sustenance and support. And I further direct that the said Mary L. Lillie shall not in her lifetime be required to make any accounting of said remainder in her hands. * * *

" *Fifth.* Should any further part of said remainder be undisposed of by said Mary L. Lillie, at the time of her death, then, and in that event, I will, bequeath and devise the said undisposed remainder as follows:— One fifth part thereof to Potter Strowbridge Hessler; one-fifth part thereof to Charles J. Stewart, One-fifth part thereof to Medora S. Gregory, One-fifth part thereof to Florence T. Stewart, One-fifth part thereof to Clarence B. Stewart, the said last four mentioned persons being children of my deceased brother John W. Stewart."

Mary L. Lillie died in the town of Sullivan, Madison county, N. Y., on the 30th day of May, 1935, also leaving a last will and testament which has been probated in this court and which provides for the payment of her debts and also makes numerous specific legacies. It is understood that there are other assets in the individual estate of Mary L. Lillie to pay the creditors of her estate, but not sufficient to pay the legacies. It is the contention of representatives of the Mary L. Lillie estate that under section 149 of the Real Property Law the estate of Elizabeth Stewart Hesler is chargeable with the debts of the Mary L. Lillie estate. Section 149 of the Real Property Law provides as follows: " Where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and incumbrancers, but subject to any future estates limited thereon, in case the power of absolute disposition is not executed, and the property is not sold for the satisfaction of debts."

It has been held in this State by a long line of decisions that the provision contained in the Hesler will for maintenance and support is not an absolute power of disposition; that such power is only for a specific purpose; that the fee vests in the designated remaindermen subject to the limited power of disposition for the support and maintenance of the life tenant, and consequently section 149 does not apply to such a case. (*Terry* v. *Wiggins*, 47 N. Y. 512; *Smith* v. *Van Ostrand*, 64 id. 278; *Rose* v. *Hatch*, 125 id. 427; *Swarthout* v. *Ranier*, 143 id. 499; *Hasbrouck* v. *Knoblauch*, 130 App. Div. 378; *Vincent* v. *Putnam*, 127 Misc. 647, 652; affd., 221 App. Div. 211.)

*Matter of Davies* (242 N. Y. 196) is not at variance with the rule sustaining these cases as contended by the representative of the Mary L. Lillie estate. In the *Davies* case the husband was given the income and allowed to expend the principal as he might see fit. His power was not limited to a particular purpose such as maintenance and support. The rights of creditors are not involved in the case at bar as there are sufficient funds to pay them in full.

The Court of Appeals in the *Davies* case has not changed the rule as to absolute disposition as maintained in previous decisions. The following cases were decided since the *Davies* case and are in accordance with this holding: See *Vincent* v. *Rix* (248 N. Y. 76); *Matter of Stevens* (241 App. Div. 490).

The power of Mary L. Lillie to dispose of the Hesler estate had to be exercised in her lifetime to be effective. She could make no testamentary disposition of the Hesler estate. (*Vincent* v. *Rix, supra; Matter of Ithaca Trust Co.*, 220 N. Y. 437; *Matter of Stevens*, 241 App. Div. 490, 493).

The original cattle which were on the Hesler farm at the time of the death of Elizabeth Stewart Hesler died or were replaced before the death of Mary L. Lillie. Further, it is agreed by the statement of facts submitted that the said Mary L. Lillie operated the farm and held the property as executrix, not individually. It does not appear that she purchased the cattle with any of her individual funds; that being so, we believe that the title to such cattle is presumed to be in the estate of Elizabeth Stewart Hesler.

In *Vincent* v. *Putnam* (127 Misc. 647, 651) it is stated: "As to the title to the new stock of merchandise, it is clear that the widow conducted the business as executrix. Her trust relation to the estate of her husband never ceased. Apparently from her own actions, she continued, from the time of her appointment as executrix, to act as trustee with regard to this business and stock down to the time of her death. From time to time she purchased new stock in place of the old with the proceeds of that sold. Under those circumstances, it seems clear that the substituted stock was

purchased with trust funds and consequently it became impressed with a trust for the benefit of the remaindermen. This is not a disposal of property within the power conferred by the will. The proceeds stand in place of the original property as undisposed of. (*Matter of Blauvelt*, 131 N. Y. 249; *Kent* v. *Fisk*, 151 App. Div. 279; *Stafford* v. *Washburn*, 145 id. 784; revd. on dissenting opinion, 208 N. Y. 536.) " (See, also, *Getman* v. *McMahon*, 30 Hun, 531, *Matter of Cutler*, 23 Misc. 508, 510, 511, in which case the court stated: " The investments and securities coming into the hands of the surviving executor, on their face, all belong to the estate in remainder. It will not be presumed that the life tenant mixed her own moneys with the moneys belonging to the estate in remainder; or that she invested her own moneys as executrix, or in the name of the estate.")

To the same effect is *Leonard* v. *Owen* (93 Ga. 678; 20 S. E. 65).

Therefore, and in accordance with the foregoing decisions, the court must hold that neither the debts nor the mortgage placed upon the individual property of Mary L. Lillie, deceased, is a charge against the Hesler estate; that the cattle on the Hesler farm are the assets of the estate of Elizabeth Stewart Hesler. There is a statement in the agreed statement of facts that part of these debts were accumulated for repairs and improvements and the expense of maintenance of the Hesler estate. The court makes no decision as to these matters since there are not sufficient facts upon which to base a finding.

A decree may be prepared in accordance with this decision.