## In the Matter of the Estate of CATHERINE M. BRITT, Deceased.

Surrogate's Court, Albany County, December 15, 1942.

*Hun, Parker & Reilly* for petitioners, executors of estate of John J. Britt, deceased; and for executors of Catherine M. Britt, deceased.

*Whalen, McNamee, Creble & Nichols* for objectant, Alfred S. Bendell, Jr.

ROGAN, S. By the " First " provision of her will, the testatrix bequeathed to her husband, John J. Britt, all of her property " to have and to hold, to use and enjoy the same during the term of his natural life, with power to my said husband to use so much of the corpus of my aforesaid real and personal estate as he may, in his absolute discretion, deem necessary or convenient, and, on the death of my said husband, I give and bequeath whatever is left of my said real and personal property, to my nephew, Alfred Bendell, son of my sister, Anna J. Bendell, to have and to hold the same in fee simple absolute."

Between the date of the death of the testatrix and that of her husband all the net estate of testatrix was used and expended

for the benefit of the husband, with the exception of the premises No. 369 Second street, Albany, N. Y., and cash in the amount of $1,889.41. As to these properties the executors of the estate of the deceased husband, John J. Britt, claim that prior to his death he, the husband, elected to take the entire balance of the estate of the decedent, and that, having done so, nothing remains for the remainderman named in the will of testatrix.

Were such contention to prevail, it would be doing violence not only to the intent of the testatrix, but such holding would be repugnant to well-established rules of law. While the words of gift contained in the provision under review should have a very broad and liberal interpretation and should be construed as giving the husband the absolute right to determine what he deemed " necessary or convenient " for his needs, such power of disposition must be kept within reasonable limitations. (*Vincent* v. *Rix*, 248 N. Y. 76.) Under such a will the right to use or consume must be exercised fairly and in such manner as not to divest the principal of the estate from the remainderman. (*Matter of Smith*, 170 Misc. Rep. 556.)

As Mrs. Britt expressly provided in her will for the disposition of any remainder after her husband's death, and as Mr. Britt did not during his lifetime " use " all of the property of the estate as contemplated or intended by the testatrix, it must be held that his attempt to appropriate to his own use the entire remainder of the estate was a nullity, and of no force and effect, and such properties should be accounted for in this proceeding. (*Vincent* v. *Rix, supra; Matter of Ithaca Trust Co.,* 220 N. Y. 437; *Matter of Stevens,* 241 App. Div. 490.)

I specifically hold and determine that the premises designated as 369 Second street, Albany, N. Y., is the property of the remainderman Alfred S. Bendell, Jr., and that the cash balance of $1,889.41, less administration expenses and the costs of this accounting, likewise belongs to him.

Decreed accordingly.