Liston F. Coon,
Acting Surrogate. The decedent, Fred M. Crampton died testate in 1953, a resident of Cortland County. His surviving widow, Alice L. Crampton, qualified and was appointed executrix of decedent’s last will and testament. She followed her husband in death in 1964.
Pursuant to paragraph “fourth” of decedent’s will the residue of the estate passed to Alice L. Crampton for and during her natural life, “ with the privilege of using so much of the principal thereof as may be necessary for her proper support and maintenance. ’ ’ After her death the remaining residue passed to Everett M. Crampton, decedent’s brother.
In this proceeding by Marion E. Rice, administratrix of the estate of Alice L. Crampton, to settle the latter’s accounts as executrix of the Fred M. Crampton estate, there is at issue the payment of outstanding bills in the amount of $1,184.97 owed by Alice L. Crampton at the time of her death for medical, hospital and nursing services, fuel oil and a telephone bill.
Everett L. Crampton, as remainderman, contests this charg’e against the estate on the grounds that the deceased wife was possessed of private assets to cover these accounts and that, in any event, since the life estate terminated with death, no further sums from the estate of the deceased husband could be used.
It is therefore necessary to construe the provision of the Fred M. Crampton will permitting the invasion of principal. The court has consented to determine the issues of law reserving to *896 the remainderman the right to request a hearing on the facts, if required,-as to whether or not the subject bills were for items “ necessary for her proper support and maintenance
The provisions of the deceased husband’s will are almost identical with those in Matter of Lyon (2 A D 2d 255, 257), wherein the surviving wife was given the right “ ‘ to use as much of the principal of my said estate as may be necessary for her proper care, maintenance and support ’ ” (italics supplied). The Appellate Division, Third Department, held that this made the widow sole judge, when made in good faith, of her needs on the theory that the power should be construed by viewing its exercise liberally.
This court determines such to have been the intent of the testator here. These people were farmers and as the accounting shows, necessarily lived frugally. They had no children. It seems crystal clear that it was the testator’s intent to provide for his wife, if she survived, as best he could, giving her all of the income as long as it sufficed and to use, in addition thereto, whatever principal might be necessary. The brother, as an object of his bounty, was secondary.
True it is that a portion of the estate was jointly held and passed to the widow automatically, and it is likewise legally stated to say that in certain situations, the wife’s own property, to the extent of income, must first be used. (Matter of Smith, 170 Misc. 556.) However, the limitation is to income only and there is no showing here that any such income was substantial.
A different construction might result if the situations were reversed, i.e., husband, with property of his own surviving his wife with similar will provisions. (Cf. Matter of Hogeboom, 219 App. Div. 131; Matter of Houghtaling, 208 Misc. 129.)
The remainderman’s further contention is that the limited power of invasion had to be exercised during the lifetime of the life tenant, even to the extent of paying for any goods or services contracted for prior to death. With the proposition that a life tenancy ceases at the death of the tenant, there can be no quarrel.
But for necessary goods and services contracted for prior to death in good faith, the estate is liable. In Matter of Van Zandt (231 App. Div. 381), there were outstanding medical bills at the time of the life tenant’s death. The court directed the payment from the estate of which the deceased wife was life beneficiary.
There are further present-day practical considerations for this rule. In the twentieth century many of our everyday requirements for goods and services are contracted for on a credit basis. *897 To hold in a situation like this that a life tenant must actually pay for all allowable purchases prior to death would put the law outside the tune of the times.
Matter of Hessler (160 Misc. 250, affd. 250 App. Div. 803), relied upon by the remainderman, is not in point. There the claims sought to be imposed by the estate of the life tenant upon the estate of the grantor of the life estate were for mortgages placed upon her own property, for other debts not specified and for cattle purchased and placed on the farm then belonging to the remainderman.
It is the decision of the court that the debts in the estate of Alice L. Crampton contracted in her lifetime amounting to $1,184.97, if shown to be for necessaries, are properly chargeable to the undisposed of assets of the estate of Fred M. Crampton, deceased. Decree is stayed, however, to permit the remainder-man to request a hearing on the facts to determine whether or not the individual items were in fact contracted for by or on behalf of the life tenant, as well as being necessary. Remainder-man shall have 10 days from, the receipt of a copy of this decision in which to request such hearing. In failure thereof, submit decree of judicial -settlement of accounts as filed and in conformity with the decision herewith made.