In the Matter of the Application for a Construction of the Last Will and Testament of SEBASTIAN WEISS, Deceased.

Surrogate's Court, Bronx County, January 14, 1925.

Wills — construction — testator, after giving by 1st paragraph of will all property to widow " to have and to hold, unreservedly, as sole heiress, absolutely and forever," provided in 2d paragraph that upon said widow's death " residue of the said property, real and personal, is to go into possession " of two of testator's sons " in equal parts, share and share alike "— testator by 3d paragraph of will gave each of two grandchildren $200 in trust — testator intended that widow was to have possession, control and use of property while she lived, with remainder to testator's sons upon her death — widow entitled to take only after payment of bequests to grandchildren — residuary clause not required to be at end of will.

A testator's will which, after giving all his property to his widow " to have and to hold, unreservedly, as sole heiress, absolutely and forever," provided in the 2d paragraph that upon said widow's death, " the residue of the said property, real and personal, is to go into possession " of two of the testator's sons " in equal parts, share and share alike," will be construed to mean that the widow is entitled to the full possession, control and use of all of the property of the testator, with the right to sell or incumber the realty and to use all of the income and all of the principal of the estate for her support and maintenance, and that upon her death the remainder shall pass to the testator's sons.

However, the widow is entitled to take the residue of the estate only after the payment of bequests of $200 each to two grandchildren provided for in the 3d paragraph of the will, since such a construction carries out the intent of the testator and gives effect not only to the 1st paragraph of the will, but also to the 3d paragraph by harmonizing them.

The mere fact that the 3d paragraph, providing for the bequest to the grandchildren, followed the residuary clause of testator's will, does not affect the will, since a residuary clause does not lose its character as such because it does not appear at the end of the will.

PROCEEDING for construction of will.

*Mark Goldberg,* for the petitioner.

*Albert H. Henderson [Sol Boneparth* of counsel], for the respondents.

*William C. Stone,* special guardian.

Surrogate's Court, Bronx County, January, 1925.    ·[Vol. 124

SCHULZ, S.:

The last will and testament of the decedent, after the usual introductory clause and a provision relative to the payment of debts and funeral expenses proceeds, as far as material to the questions involved, as follows:

" *First.* To my beloved wife *Margaretha Weiss* I give, bequeath and devise all my property, real and personal, of whatever name and nature that may be and wheresoever situated and in my possession at the time of my death, to have and to hold, unreservedly, as sole heiress, absolutely and forever.

" *Second.* After the death of my said wife the residue of the said property, real and personal, is to go into possession of my two sons *Willy Weiss* and *Conrad Weiss*, in equal parts, share and share alike.

" *Third.* To my grandchildren *Katharina Weiss* and *Gussie Weiss*, the children of Conrad Weiss, I give to each the sum of Two Hundred Dollars, to be deposited in their name in some Savings Bank of the City of New York by my Executrix hereinafter named until they reach their majority. If either of the said grandchildren should die before my wife, her share is to go to the surviving grandchild."

The testator then nominates his wife as the executrix and directs that " she shall not be required to give bonds or be under any restrictions whatsoever." It appeared that the will was prepared by a notary public and it was stipulated that for the purpose of this proceeding, the value of the estate be estimated at $30,000.

At the time of his death, all of the persons named in the will survived the testator, the children named being the issue of a prior marriage of the decedent, and the two grandchildren being the issue of one of such children of the testator.

The petitioner, the widow of the decedent, has brought this proceeding for a construction of the will contending that under its terms the testator made an absolute bequest and devise of all of his property to her, and if this be not so, that she then received a life estate in all of his property with an absolute power to dispose of the whole thereof. The contention of the children of the decedent is that the will gives the widow only a life estate without the power to use the principal, and creates a trust of $200 for each of the grandchildren named in the will, with a remainder after the life estate in the children of the decedent named in the will. The special guardian of the grandchildren, who are infants, urges that the bequests for the benefit of the grandchildren are absolute and are not invalidated by the prior provisions in favor of the wife and that the latter only takes the residue after the payment of such bequests.

A hearing was had and evidence taken which tended to show the condition and circumstances surrounding the execution of the will, which I deemed permissible, under the circumstances. (*Furniss* v. *Cruikshank*, 230 N. Y. 495, 501; *Collister* v. *Fassitt*, 163 id. 281, 284; *Stimson* v. *Vroman*, 99 id. 74, 79; *Terpening* v. *Skinner*, 30 Barb. 373.)

Declarations of the decedent were excluded under the well-settled rule that parol evidence may not be considered, except to explain a latent ambiguity arising *dehors* the will or to rebut a resulting trust (*Tierney* v. *Fitzpatrick*, 195 N. Y. 433; *Brown* v. *Quintard*, 177 id. 75, 83; *Mann* v. *Mann*, 1 Johns. Ch. 231, 234) and where there is a patent ambiguity susceptible of resolution thereby. (*Matter of Fowles*, 95 Misc. 48, 51; 176 App. Div. 637; 222 N. Y. 222.)

Three well-established rules in the construction of wills must be borne in mind in considering the language of this instrument: (1) The intent of the testator must be given effect if ascertainable. (*Matter of Silsby*, 229 N. Y. 396, 402; *Matter of Buechner*, 226 id. 440; *Eidt* v. *Eidt*, 203 id. 325, 328.)   (2) A bequest or devise made in clear and unambiguous language in one part of a will, cannot be cut down by subsequent language unless the same tending to do so is equally clear. (*Banzer* v. *Banzer*, 156 N. Y. 429; *Goodwin* v. *Coddington*, 154 id. 283; *Washbon* v. *Cope*, 144 id. 287.)   (3) All parts of the will must, if possible, be harmonized and given effect. (*Matter of Title Guarantee & Trust Co.*, 195 N. Y. 339; *Roe* v. *Vingut*, 117 id. 204.)

At the hearing, I reserved decision upon an objection by respondents' counsel to testimony of the petitioner as to acts of one of the respondents toward his father, meanwhile allowing the same to go upon the record. I now sustain the objection, strike out the testimony in question, and award an exception to the petitioner.

The language of each of the paragraphs of the will taken by itself is clear and concise, and it is only when read in connection with the remainder of the document that any doubt arises. It is evident that if, under the provisions of paragraph " first," the decedent gave all of his property to his wife, the language of the 3d paragraph cannot be given effect. It is not to be assumed, however, that the testator included provisions in his solemn testamentary declaration with the knowledge and intent that they could not be carried out, because by a prior paragraph he apparently had given all of his property away.

I am satisfied that he intended the grandchildren named to receive the benefit of the legacies mentioned under the conditions stated in paragraph " third " and this can only result if we construe paragraph " first " to refer to the decedent's property left after the

payments of the legacies for the benefit of the grandchildren to be held by the executrix upon the trust stated in the will. This construction does no violence to any of the rules above stated and it complies with two of them in that it carries out the manifest intent of the decedent and gives effect not only to paragraph " first " but also to paragraph " third " by harmonizing these paragraphs with one another. .If paragraph " third " had preceded paragraph " first," there could be little ground for doubt as to the meaning of the decedent; but the mere fact that it followed, I do not think is controlling. It has been held that a residuary clause does not lose its character as such because it does not happen to be at the end of the will. (*Morton* v. *Woodbury*, 153 N. Y. 243.)

The 2d paragraph of the will differs somewhat from the 3d, in that, before it may be given effect, reference must of necessity be had to some other part of the document. The words " the residue of the said property " necessitate the inquiry as to what property is referred to and what deductions are to be made which result in a residue. If paragraph " first " stood alone, there could, of course, be no residue, and yet the testator evidently had the possibility of a residue, upon the death of his wife, in mind; hence, he could not have intended to give his wife all of his property absolutely.

Such a construction, it is claimed, would result in cutting down the apparent absolute bequest and devise in paragraph " first " and thus violate one of the rules above stated. There is no prohibition, however, against cutting down a bequest in the earlier part of a will by later provisions therein. This may be done provided only that the language in the later clauses clearly expresses such an intent. (*Mee* v. *Gordon*, 187 N. Y. 400; cases cited in *Matter of Sweeney*, 120 Misc. 663.)

The language of the 2d paragraph seems to me to be clear enough to show that the decedent wished to limit the bequest and devise in the 1st paragraph. If this were not so, we would have to disregard entirely all of paragraph " second," for this matter does not present a situation for the application of another rule of construction to the effect that where two clauses are equally clear and the intent of the testator cannot be gathered from the will and the two provisions are absolutely irreconcilable and cannot possibly stand together, resort is had to the last clause as expressing the latest intent in order to save one instead of sacrificing both. (*Farney* v. *Weirich*, 52 Misc. 245; *Adams* v. *Massey*, 184 N. Y. 62.) But this should not be done unless there is no other recourse. As was said in *Matter of Buechner* (226 N. Y. 440): " Words are never to be rejected as meaningless or repugnant if by any reasonable

construction they may be made consistent and significant.    Excision is a ' desperate remedy,' " citing *Adams* v. *Massey* *(supra)*.    " It is ' only a last resort, to be availed of when all efforts to reconcile the inconsistency by construction have failed,' " citing *Van Nostrand* v. *Moore* (52 N. Y. 12, 20).

Having reached the conclusion that a limitation was effected by the paragraph stated, it remains to be determined to what extent it operated.

It appears from the testimony that the decedent prior to his marriage to the petitioner, had been in a business in which the respondents had helped him, and that since that time he had not engaged in any occupation.    The relations existing between the decedent and his children do not appear to have been unpleasant.

I cannot conceive of his having made the provision in paragraph " second " without an assumption on his part that under certain circumstances a residue might remain, and with an intent, if it did, that his children by his former marriage should have that residue.    I do not believe that he intended that his widow should have a right to dispose of so much of his estate as remained at the time of her death, by a testamentary disposition which might deprive them of it.    If that was his intent, then I see no reason for the provision with reference to the residue.    In that connection, it must be remembered that the document was not prepared by an attorney and in considering its language that fact should be borne in mind.    (*Eidt* v. *Eidt*, 142 App. Div. 733; revd. on other grounds, 203 N. Y. 325; *Potter* v. *Pike*, 183 N. Y. Supp. 842.)

At the same time he undoubtedly desired that his widow should have the full enjoyment thereof while she lived.    The language of paragraph " first " indicates that the widow was to have possession, control and use of all of the testator's property and negatives any intent that she have the income only.

To harmonize the two provisions in order to effectuate what I believe was the intent of the decedent, may appear difficult, but it is not impossible, and if they can be given effect, it should be done under the cases cited.

If the will is construed to mean that the widow is entitled to have the full management and control of all of the property of the decedent, with the right to sell or incumber the realty and to use all of the income and all of the principal of the estate for her support and maintenance, if she finds it necessary, and that upon her decease, if any part thereof remains unused by her, the same shall pass to the decedent's sons, I believe the intent of the decedent, as expressed in this inartificially drawn instrument, will be carried

out and a disposition result which will also have the merit of being reasonably just to those who in the usual order of things would be the natural objects of his bounty. I, therefore, find that such was his intent and construe the instrument accordingly.

Costs will be awarded to the petitioner and to the adult respondents and an allowance made to the special guardian of the infants, payable out of the estate.

Settle decision and decree accordingly.