SARAH E. VINCENT and Others, Respondents, *v.* JULIA V. PUTNAM, as Executrix, etc., of JULIA RIX, Deceased, and Others, Appellants.*

Third Department, May 4, 1927.

**Wills — construction — testator left residue to widow and provided that on her remarriage or death all property not disposed of by her should pass to his heirs at law and next of kin — residue included business and securities — business was conducted by widow as business of estate of testator — certain securities were given by widow to her attorney to give to named person — gift was never completed — widow's will did not purport to transfer any property of her husband in which she had life estate.**

Testator left the residue of his property to his widow and provided that on her remarriage or death all of said property not disposed of by his widow should pass to his heirs at law and next of kin. The property so devised included a business. The business was conducted by the widow in the name of the estate of the testator up to the time of her death. The residue also included certain

* Affg. 127 Misc. 647.

securities, some of which the widow gave to her attorney with direction to give them to a named person, but the gift was never completed, for it appears that while the widow indorsed shares of stock, which, in connection with certain Liberty bonds, were given to her attorney, stamps were not affixed and transfer taxes were not paid, and that the attorney, after notifying the donee's mother of the gift, placed the securities in a safety box belonging to the widow and gave the key to the donee's mother.

A residuary clause in the widow's will, devising all of " my real and personal property from whatsoever source derived " did not pass property left to her by her husband, including a business, which was always conducted by her in the name of the estate of her husband. The will purported to pass only her own property, and at the time of her death the property of her husband that had not been disposed of was not her property, for she had only a life interest therein.

APPEAL by the defendants, Julia V. Putnam and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Saratoga on the 23d day of August, 1926, upon the decision of the court rendered after a trial at the Saratoga Trial and Special Term.

The judgment adjudged that plaintiffs, as next of kin of Asa W. S. Rix, deceased, are the owners of all of his personal property which remained undisposed of in the hands of Julia Rix, his widow, at the time of her death, and directed defendants to account for all of such property remaining in their hands.

*Lewis C. Varney* [*James A. Leary, Walter A. Fullerton* and *Edward W. Barrett* of counsel], for the appellants.

*Butler, Kilmer, Hoey & Butler* [*W. P. Butler* and *Charles L. Hoey* of counsel], for the respondents.

WHITMYER, J. The action is for an accounting and for the determination of the title to certain personal property, especially a stock of merchandise, five Liberty bonds, totalling $2,200, and five certificates of stock, consisting of sixty-five shares in five different railroads.

Plaintiffs are the heirs at law and next of kin of Asa W. S. Rix and claim under the residuary clause of his will.

Defendant Violet Putnam is the only heir at law of Julia Rix, his widow, and claims under her will and by gift.

Asa W. S. Rix died on November 26, 1919, leaving his wife and the plaintiffs, his heirs at law and next of kin, and leaving a will, dated February 11, 1919, probated January 10, 1920, in and by which, after certain legacies, amounting to $5,540, including one of $100 to defendant Violet Putnam, he disposed of the residue of his estate as follows: " All the rest, residue and remainder of my property and estate, both real and personal and every name and nature, I give, devise and bequeath unto my beloved wife, Julia Rix, to be her absolute property, provided, however, that upon the

death or remarriage of my said wife, whatever of property or estate she may have received from me and which shall remain at that time undisposed of, I give, devise and bequeath unto my heirs at law and next of kin, in shares as provided by the laws of descent and statutes of distribution of the State of New York." And he appointed her the executrix and gave her, as such, full power of sale of any and all of his real estate. He owned this property and other property at the time of his death. After his death his widow qualified as executrix, took possession and made an inventory of all his personal property, including that in suit, never accounted and was never discharged. Since their marriage on May 14, 1899, he had conducted and at the time of his death was conducting a retail store for the sale of " Yankee Notions " at No. 460 Broadway, Saratoga Springs, N. Y. During all of the years she acted as clerk without pay. The real estate is the subject of a partition action and the judgment therein is here now on appeal. After he died she continued the business at the same place under the name and style of " Asa W. S. Rix Estate." She used the stock left by him and described in the inventory, sold it, and with the proceeds bought new stock, repeating the process, whenever necessary, until her death. She reported it as estate business for Federal and State income taxes, until her death, and separate and apart from her own income. She had not disposed of the business at the time of her death. On November 13, 1925, the day she executed her will, hereinafter referred to, she handed the securities in suit and referred to above, to her attorney, saying " give those to Violet Putnam." The Liberty bonds were coupon bonds and the certificates of stock stood in the name of her husband. The attorney told her that transfer of the certificates could not be made without indorsement and she indorsed as executrix. Stamps were not affixed and transfer taxes were not paid. Then he took them to his office and put them in his safe. The next day he told Violet's mother about the matter and asked her what to do. She told him to keep the bonds for safety and to transfer or sell the stock, as he thought best. The following Monday he told the widow that he intended to put them in her safety box until he could decide what to do and she assented. He had the key and put them in. After a few days he gave the key to Violet's mother and, after the widow's death, they were found in her box in the same condition as when placed there. It was not a completed gift.

By her will, after making several bequests, she gave the residue of her real and personal property to Violet Putnam, daughter of her nephew, Fred C. Putnam, deceased, " to have and to hold

forever," referring to it as "my real and personal property from whatsoever source derived." It was her own property, and not her husband's which she had in mind. She did not refer to his property in any way. He did not give her his property absolutely, but gave her a life estate therein, with the right to use what she chose and with the proviso that what remained undisposed of by her should go to his heirs at law and next of kin. Otherwise, there was no reason for the provision as to the undisposed of property. What he meant by the words "undisposed of," whether or not they included a disposition by will, is the question. But it is unnecessary to determine that question here, for the reason that she did not attempt to dispose of it by her will and the evidence shows, clearly, that both the stock and the securities still remained the property of her husband's estate at the time of her death. It was property of his which remained undisposed of at the time of her death and under his will belongs to plaintiffs.

The judgment should be affirmed, with costs.

VAN KIRK, Acting P. J., HINMAN and McCANN, JJ., concur; DAVIS, J., concurs in the result.

Interlocutory judgment affirmed, with costs.