In the Matter of the Estate of EDGAR A. NUGENT, Deceased.

Surrogate's Court, Orange County, February 5, 1932.

*Carmine A. Panaro*, for the executor.

*Wilmot Decker*, special guardian.

TAYLOR, S. This is another instance of a home-made will. The testator apparently desired to give all his property to his wife, but at the same time to control its disposition at her death. The will is inartificially drawn and for that reason both the attorney for the executor and the special guardian join in this application for construction.

The two clauses of the will involved in this proceeding are:

" *First.* After the payment of all of my just debts, funeral expenses and the expenses of the settlement of my estate, I give, *devise* and bequeath all the rest, residue and remainder of my estate, or any of which I may be hereinafter justly entitled to wherever situate of which I may die seized to my wife Carrie C. Nugent, *to be hers absolutely for all purposes, with full power to sell any* real estate of · which I may die seized.

" *Second. After the death* of my wife Carrie C. Nugent and the payment of all of her just debts and funeral expenses, all the rest, residue and remainder of my estate *then left,* I give, devise and

bequeath to my two sons, Edgar Lynne and Alan M. Nugent to be equally divided between them and share alike and to be theirs absolutely for all purposes." (Italics mine.)

It will be noticed that the 1st paragraph, standing alone, is an absolute bequest and devise to the widow; the 2d clause attempts to dispose of the same property to the testator's sons upon the widow's death.

At common law the gift over would have been void as repugnant to the prior estate upon the ground a valid executory devise cannot be defeated at the will of the first taker. (*Jackson* v. *Bull,* 10 Johns. 19; *Van Horne* v. *Campbell,* 100 N. Y. 287.) But this rule has since been modified by statute. (*Leggett* v. *Firth,* 132 N. Y. 7, 11; 2 New York Law of Wills, § 824.)

It is a cardinal principle in the construction of wills that the testator's intent shall be given effect if ascertainable (*Matter of Silsby,* 229 N. Y. 396, 402), and that if possible all parts of the instrument shall be harmonized. (*Matter of Title Guaranty & Trust Company,* 195 N. Y. 339; Jessup-Redf. Surr. Cts. [8th ed.] §§ 477, 490; Remson, Preparation of Wills & Trusts, p. 401.)

In 2 New York Law of Wills, section 826, it is said, among other things: "Provisions of this character very evidently import an intention to create in the designated individual something more than a mere life estate, and something less than the absolute fee. The reference to what may 'remain' or be 'left' at the death of the first taker indicates an intention to give a power of disposal over the corpus * * *; and the gift over shows that the testator did not intend the first taker to have the fee simple or absolute estate, or power to dispose of that which might remain of the property at his death * * * the limitation over is conceded to be conclusive proof of an intention not to give the first taker the fee,— overcoming the force of any language, however clearly expressive of a gift in fee simple. That is to say, the limitation operates 'as a restraint upon the power of alienation,' and confines the estate of the first taker to something less than a fee simple."

In the *Leggett* case in one sentence there was an apparent absolute devise to the testator's wife, "but on her decease" he also devised "the remainder thereof, if any," to his children. With respect to the qualification, the court said: "It indicates a proviso, condition or qualification, and in connection with the rest of the sentence reduces the previous gift by carving out, not an absolute, but a possible, remainder for the children. The nature of the widow's estate is pointed out by the event, upon the happening of which the devise of the remainder is to take effect. That event is her

death, and as she was to hold until that event happened, she took a life estate " (p. 11).

The will under construction in *Matter of Weiss* (124 Misc. 413) was very similar to the one now under discussion. It was therein held that the widow was entitled to the full possession, control and use of all the testator's property, with the right to sell the same, and that upon her death the remainder passes to the testator's sons. *Matter of McFadden* (135 Misc. 690); *Seaward* v. *Davis* (198 N. Y. 415); *Matter of Raynor* (254 id. 516) and *Vincent* v. *Rix* (248 id. 76) are all along the same line and hold to the same effect.

The will in question is construed to give to the widow a life estate in all of the decedent's property, with power to use or invade the principal, and that which is " left " at her death becomes the property of decedent's son and granddaughter, one of the two sons named in the 2d paragraph of the will having since died.

The remainder to the son and granddaughter is contingent in the sense that only so much of the decedent's property as shall not have been disposed of by the widow during her lifetime will pass to the remainderman, with the possibility that the widow might dispose of the entire estate in her lifetime. (*Matter of Dinkel*, 133 Misc. 868.)

Decree may be presented and settled upon the three days' notice or by consent.