In the Matter of the Estate of WALTER F. WILKEN, Deceased.

Surrogate's Court, Nassau County, June 3, 1948.

*Starke & Cook* for Carrie A. Wilken, respondent.

*Fred M. Ahern* for State Tax Commission, appellant.

HOWELL, S. This is an appeal from a *pro forma* order made and entered March 18, 1948, fixing the tax in the above-named estate upon the ground that exemptions were erroneously allowed.

The testator left his entire estate to his wife for her own use until her death and then to his two named daughters equally. He directs that his wife shall not be required to give any inventory or any security.

The wife has a life estate with power of invasion of the principal. The two daughters have a vested remainder. The question presented is whether such a vested remainder is "indefeasibly" vested under subdivision b of section 249-q of the Tax Law as amended in 1946 (L. 1946, ch. 380).

Two cases have been brought to the attention of the court. *Matter of Walsh* (189 Misc. 350) is a case where the widow had a right to invade the principal with the undisposed remainder to sons. The court stated therein (p. 351) that while it was not necessary to decide if the remainder gifts were indefeasibly vested in the sons, they were absolutely vested as of the date of decedent's death and could not be defeated in any manner whatsoever, subject to the right of invasion. The power to invade does not affect the vesting of the estate.

On the other hand, *Matter of Dowling* (191 Misc. 818) reached a different conclusion. In that case there was a gift of income and principal to the widow, with a remainder to four children. The court held that the interests of the children were not indefeasibly vested under the amendment to section 249-q of the Tax Law since such remainders were defeasible in whole or in part by the trustees' power of invasion for the support or care of the widow.

The question presented in all these cases is whether a vested remainder subject to diminution by a power of invasion in the prior life estate is indefeasibly vested within the meaning of section 249-q of the Tax Law. In that connection the language used in the Restatement of the Law of Property (Vol. III, Future Interests) is of interest. Section 276 states: " When a limitation purporting to create a remainder or an executory

interest, also includes the power to consume, to encroach or to appoint, and the donee of the power is a person other than the conveyee of such remainder or executory interest and the power, if exercised, will lessen the quantum of assets subject to such remainder or executory interest, then, unless a contrary intent of the conveyor is found from additional language or circumstances, such remainder or executory interest is subject to defeasance to the extent of the exercise of such power, rather than being subject to the condition precedent to its non-exercise.''

In the case on appeal, the widow has the power to consume all or part of the corpus of the trust and to the extent of the exercise of that power, the remainder is subject to defeasance. The remainders of the children are not indefeasibly vested under subdivision b of section 249-q of the Tax Law and the exemptions of $5,000 to each of such children should be disallowed.

However, the contention of the State Tax Commission that the widow '' was given a life estate with power to invade the principal and after her death the remainder, if any, to pass to his two daughters '' raises a further question. This court has construed similar provisions as conferring upon a widow unrestricted power to invade the principal (*Matter of Maccarone,* March 21, 1945, unreported). Such interest in the wife is indefeasibly vested and she is entitled to her exemption under subdivision a of section 249-q of the Tax Law.

Correcting the exemptions on this basis will eliminate the $10,000 exemption of the children but increase that of the widow to $20,000. When this is deducted from the net estate, the amount subject to tax is $981.57 which is not taxable under section 249-n of the Tax Law.

Submit order in accordance herewith.