In the Matter of the Estate of HORACE W. INGRAHAM, Deceased.

Surrogate's Court, Bronx County, February 17, 1950.

*Hamilton McInnes* and *Abraham D. Levy* for State Tax Commission.

*Lydecker Van Riper* for Daisy A. Ingraham, as executrix of Horace W. Ingraham, deceased, appellant.

HENDERSON, S. This is an appeal from the *pro forma* order fixing and assessing a tax under article 10-C of the Tax Law.

The portion of the testator's will which is pertinent hereto reads as follows: " All  *  *  *  of my estate  *  *  *  I give to my wife Daisy A. Ingraham for and during  *  *  *  her natural life, with the privilege of invading and using the principal, if, in her sole discretion she shall deem that necessary, and upon her death, I give  *  *  *  the property so remaining to my son, Walter Ingraham, and to his heirs  *  *  *  absolutely. and forever."

The testator died on January 27, 1947, survived by his widow and son.

The tax schedules show a gross estate of $10,211.01.

The appraiser's report to the Surrogate allowed an exemption with respect to the widow for the full value of a life estate without taking into consideration the possibility of her invasion of the principal.

The appellant, the testator's widow, contends that by virtue of the quoted portion of the will, the residue is indefeasibly vested in her and being less than her exemption of $20,000, is not subject to the payment of any tax under section 249-q of the Tax Law.

In support of her contention the widow argues that since the testator placed no condition or restriction upon her use of the principal of the estate, it was his intention to give her all of the residue; and that the portion of the will which bequeaths the property, if any, remaining at her death to the son, should be treated as a mere expression of a wish or desire.

This contention is overruled.

It is clear from the language used by the testator that he intended to provide unreservedly for the comfort and benefit of his widow in her lifetime, but it is also apparent that, subject to the provision for his widow during her lifetime, he desired to give to his son any remainder of the gift to the widow which she did not actually use or spend prior to her death. The testator limited the widow's legacy to a life estate with a right to use as much of the principal as she wished but with the limitation that the remainder go to his son. The gift to the appellant is therefore not absolute and unrestricted (*Matter of Stevens,* 241 App. Div. 490, affd. 265 N. Y. 524; *Matter of Britt,* 272 App. Div. 426; *Matter of Sonnenburg,* 133 Misc. 42).

The appellant's memorandum contains the statement " that the remainder interest given to decedent's son was not indefeasibly vested in him is conceded as the widow takes the entire estate."

The law is clear that by reason of the widow's power of invasion, the remainder interest of the son is not indefeasibly vested (*Matter of Benson,* 275 App. Div. 226; *Matter of Dowling,* 191 Misc. 818; *Matter of Stubblefield,* 191 Misc. 823; *Matter of Faber,* 191 Misc. 828).

The appeal is dismissed and the *pro forma* order entered on the 12th day of January, 1948, is affirmed.

Settle order accordingly.