In the Matter of the Estate of HENRY BROWER, Deceased.

Surrogate's Court, Nassau County, May 3, 1950.

*Frederick White Shepard* for Thomas H. Brower and another, as executors of Henry Brower, deceased, appellants.

*Fred M. Ahern* for State Tax Commission.

Howell, S. This is an appeal from the *pro forma* order of this court made March 21, 1950, fixing the net estate and determining exemptions. Memoranda have been submitted by the appellants and the State Tax Commission from which it appears that this court has not made clear the application of and limitations upon the decision made by it in *Matter of Wilken* (197 Misc. 724).

The provisions of the will in the *Wilken* case give the entire estate to the wife for use until her death after which it was given equally to two daughters. The testator directed that his wife should not be required to give any inventory of the estate nor any security for the safekeeping or preservation thereof. This was construed by the State Tax Commission as giving the wife a life estate with power to invade the principal thereof and with no limitation on her right to invade the corpus. With this construction the court was in accord.

Based upon this unlimited right of invasion the court in its decision of June 3, 1948 (197 Misc. 724) found an interest in the widow in effect a fee indefeasibly vested which entitled her to her exemption under subdivision a of section 249-q, of the Tax Law.

There are two different legal concepts which can be found in provisions similar to those in the *Wilken* case (*supra*). One of these is that the wife has a life estate followed by a possible or contingent remainder in the daughters depending on whether or not the wife uses the principal. This is the construction given similar language by the Surrogate's Court, Bronx County, in *Matter of Sonneburg* (133 Misc. 42 [1928]) and apparently followed in *Matter of Ingraham* in that court (197 Misc. 402).

The other concept is that such language gives the wife an absolute interest in that the life estate coupled with an absolute right of invasion has the effect of a fee as the daughter could not complain if no principal is left at the wife's death. This is the basis of the *Wilken* decision (*supra*).

The difference between the two concepts is important because of the amendment to section 249-q of the Tax Law (L. 1946, ch. 380) which added the term " indefeasibly vested ". Taking a realistic view, this court determined that Mrs. Wilken had in effect a fee which was indefeasible as to her interest within the meaning of the statute. While it was recognized that she could not dispose of the property by will nor could such property pass under the laws of intestate succession, such limitation operated to defeat the interest of a devisee, legatee or distributee but not that of the widow. In her there is an indefeasible interest in the entire estate which in effect is a fee and for that reason the court held that she was entitled to an exemption of $20,000.

The present appeal in the *Brower* case presents a somewhat different state of facts as the widow is given all the property for use for life with power to use such part of the principal as may be necessary for her support. This might well be construed as placing a limitation on the right of the widow to invade the principal in which event this court might arrive at a different conclusion from that reached by it in the *Wilken* case (*supra*).

The New York State Tax Commission, however, definitely takes the position that the widow's power to invade is unrestricted. On page five of its memorandum it states: " It is apparent that the decedent gave his wife a life estate with the unrestricted power to invade and use any portion of the principal. No one can compel the widow to account to him for the invasion of the principal. Nevertheless, this unrestricted power of invasion did not give the widow an unrestricted fee in the principal."

Accepting the construction placed upon the will by the State Tax Commission, this matter presents the same question as that in the *Wilken* case (*supra*) and the court will again hold that the widow has an indefeasible interest in the entire estate which is in effect a fee and that she is entitled to an exemption of $20,000.

Both *Matter of Stevens* (241 App. Div. 490, affd. 265 N. Y. 524) and *Matter of Britt* (272 App. Div. 426) present questions of whether a spouse had disposed of property before death. The tax question was not raised in either case. Furthermore both cases are distinguishable in that the right of invasion was restricted. In the *Stevens* case (*supra*), the widow was limited in the application of the proceeds to " her own use and maintenance during her natural life ". In the *Britt* case (*supra*) the

husband had to act in good faith and could not waste or squander the property to prevent it from going to the remaindermen. In each case the remaindermen could have compelled the spouse to account either for bad faith or fraud in the *Britt* case (*supra*) or for not applying the property to her own use and benefit in the *Stevens* case (*supra*).

In *Matter of Dowling* (191 Misc. 818 [1948]) the Surrogate of Queens County found a defeasible interest in an estate where income was left to the widow for life or until remarriage and the trustees were empowered to pay principal necessary for her care and support in the sole discretion of such trustees. In that case the estate of the widow was not only defeasible by marriage but also any invasion of principal was limited by the necessity for care and support and by the discretion of the trustees.

This court has not been called upon to pass upon the nature of the interest where the life tenant is limited in the application of the corpus of the trust or where her right of invasion of such corpus was restricted. It may be that in such situations this court might reach the same conclusions as indicated in the *Stevens*, *Britt* and *Dowling* cases (*supra*). As to an unlimited power of invasion, the only conflict of decisions brought to the attention of the court is that between *Matter of Ingraham* in the Surrogate's Court of Bronx County (*supra*) and this court's decision in *Matter of Wilken* (*supra*) which conflict arises from the two different concepts previously pointed out.

The State Tax Commission further argues that assuming that the interest of the widow is indefeasibly vested in her, it is impossible for the appraiser to determine the present value of such interest. This argument arises from the fact that the court did not make its position clear in the *Wilken* case (*supra*). Since the court considers the widow's interest in effect a fee, it would be valued as an outright gift of the corpus to her.

As to the disallowance of exemptions to children and grandchildren of the decedent, the court supports the position of the State Tax Commission and follows its ruling in the *Wilken* case (*supra*).

The attorney for the State Tax Commission has made an able argument orally before the court and has submitted a comprehensive memorandum showing a conflict of decisions on the question of law involved. As noted in the " 1946 memorandum in re an act to amend the tax law relating to exemptions " the maximum exemptions allowable are $20,000 for a widow or

husband and $5,000 for a child or other person designated by statute and the tax rate is 1% so that no more than $200 is at stake in the case of a widow or husband and no more than $50 in the case of any other beneficiary. It would seem advisable to proceed with an appeal in one of these cases and secure an authoritative interpretation of the statute from a higher court rather than to litigate the same issues over again in the lower courts in view of the small amount involved and the burden placed upon the attorneys by such litigation.

Submit order in accordance herewith.