John D. Bennett, S.
Petitioner requests a construction of article Third of the decedent’s will to the effect that she is entitled absolutely to all the property devised to her thereunder, without any limitation on her power to use or dispose of said property, including disposal by her will. The special guardian representing the contingent infant remaindermen asserts, on the other hand, that such provision creates a valid life estate with unlimited power of disposal or invasion of the principal during her life, but that whatever remains thereafter must devolve to the remaindermen.
The paragraph in question reads as follows:
“ Third: As to all of the rest, residue and remainder of my estate * * *
“ (a) If my beloved wife, Edith Sawyer Mitchell, is living at the time of my decease,
‘ ‘ I give, devise and bequeath to her all thereof, to be hers absolutely to the extent of so much thereof as she shall use during the term of her natural life, including all income thereon. (This means that she may, and she is hereby given power, authority and discretion to, occupy, herself, any and all of my real property; rent and/or mortgage and/or insure and/or repair, reconstruct, complete the construction of or improve any part or all of the same; sell at public or private sale or sales, and give a good and sufficient deed thereto, any part or all of the same; and reinvest the proceeds or income —just as I myself could do.)
*653 “ And/but, upon her decease (following my decease), I give, devise and bequeath whatever (if anything) thereof is left unused by her to my daughter, Elizabeth Van Horn Mitchell, if living at that time; or, if not living at that time and if she has any child or children living at that time, to said child or children, share and share alike * *
The construction as contended for by petitioner cannot be sustained. In Matter of Britt (272 App. Div. 426, 428-429) the language used by the court is here particularly applicable:
“ Testatrix did not make an absolute gift of her property to her husband. The language which she used in the quoted clause clearly indicates that she intended to qualify and limit the gift to her husband to a life estate with the right to use as much of the principal as he chose but with the limitation that the remainder go to her nephew. The gift was not unrestricted. The thought, no doubt, in her mind was to provide generously and unreservedly for her husband during his lifetime. She gave to him the right to dispose of as much of her property as he 1 in his absolute discretion ’ might ‘ deem necessary or convenient ’ but anything that remained was to go to respondent, her sister’s son. This view finds sanction in the authorities dealing with like questions [citing cases].” (See, also, Matter of Ingraham, 197 Misc. 402; Note, 28 N. Y. U. L. Rev. 1162 [1953].)
The guide to be followed by the life tenant in her exercise of the power to use the principal is set forth in Matter of Britt (supra, p. 429): “ In cases where the grant of a life estate is coupled with expressions giving broad powers of disposition, the rule is that the life tenant is given an absolute and unlimited power of disposition and he may dispose of the property as he pleases so long as he acts in good faith and does not waste or squander the property for the purpose of preventing the balance of the estate from going to the remaindermen. The amount which a life tenant may use for his support and maintenance rests entirely in his honest judgment and discretion which cannot be controlled or limited by the courts in the absence of bad faith or fraud (Vincent v. Putnam, 127 Misc. 647, affd. 221 App. Div. 211, affd. 248 N. Y. 76).”
The decree will provide that the widow has the right to consume, for her own use and benefit, so much of the principal of the residuary estate as in the exercise of her absolute discretion she sees fit, provided said discretion is exercised in good faith and without fraud.
Settle decree on five days’ notice.