Robert W. Basoom, S.
We are called on to construe the will of Leo John Par ant who died May 11, 1960, and particularly clause “ third ” thereof, which reads: “ third: All of the rest, residue and remainder of my property, both real and personal, I give, devise and bequeath to my wife, helen o. parant, absolutely, if she shall survive me. Upon and after my wife’s death, if any property so given to her shall remain after the payment of all of her debts and funeral expenses, I give, devise and bequeath same, absolutely, to my adopted daughter, helena g. *934 clark, of Cleverdale, Warren County, New York, if she be then living. Upon and after the death of helena g. clark, if any of the property so given to her shall remain after the payment of all of her debts and funeral expenses, I give, devise and bequeath same, in equal shares, to the following persons: Mary E. C. Woodward, of Warrensburg, N. Y, G-eorge Ferris Cronkhite, James B. Cronkhite, both of Hudson Falls, N. Y., and Albert Parant, my nephew, of Bimouski, Bimouski County, Province of Quebec, Canada. If any of the four above named legatees shall die before the death of myself, my wife and my said adopted daughter, without issue surviving, his or her share shall lapse and shall be divided among those living at the time of the death of myself, my wife and my adopted daughter, or the survivor; if any of the four above legatees shall have died leaving issue surviving, his or her share shall be distributed to his or her issue living, per stirpes and not per capita, ’ ’
The preceding clauses provide for payment of debts and funeral expenses, a devise to the widow of all real property, coupled with a bequest to her of all cattle, livestock, farm machinery, equipment and supplies located in, on or about testator’s home, together with all automobiles, books, household furniture and furnishings, pictures, silverware, china, jewelry, watches, articles of personal adornment and clothing. The succeeding clauses direct payment of estate taxes from the residue, appointed the executors and gave them certain powers.
The will was admitted to probate September 14, 1960. The widow, Helen C. Parant, thereafter died May 24, 1962, leaving a will naming the same executors but different beneficiaries, so that distribution thereunder depends upon the construction here sought. Helena Gr. Clark, adopted daughter of the testator, predeceased him leaving no issue.
The executors contend that clause third should be construed as an absolute devise and bequest of the residue to the widow, upon the ground that the first sentence which is an absolute gift in its terms, is not qualified, cut down or limited by the subsequent language. We think the contention rests on quicksand.
The testator’s intent is of course what we are seeking. It will be observed initially that if the executors’ contention is adopted, it results in a finding that the entire estate was devised and bequeathed outright to the widow if she survived. Such a finding requires the excision of all of clause third, other than the opening sentence, and a determination that the same was meaningless and ineffectual, and that the testator had no purpose in putting the words in his will. That is a refuge sought only in desperation.
*935 True it is that where a will contains words constituting an absolute gift, followed by words which disclose an intention to cut it down, but which are not clear and unmistakable in their import, the courts favor giving effect to the absolute gift (Matter of Hayes, 263 N. Y. 219; Clarke v. Leupp, 88 N. Y. 228). We see nothing unclear, mistalcable or ambiguous in the language which follows the opening sentence of the clause under consideration and we think it effectively qualified the gift contained in that sentence.
In seeking the intent of any given testator from his will, adjudicated cases are of little assistance, for as was said in Matter of Hayes (supra, p. 222): “Each will is a law unto itself.” Where, however, the courts have construed somewhat similar language in other wills, their findings mark a path for us to follow. In Terry v. Wiggins (47 N. Y. 512) following a devise in fee to the widow, the will contained a devise of other real estate to the same devisee for her personal and independent use and maintnance, with full power to dispose of it if she deemed it expedient, but upon her death there was a devise over to a religious organization. The court found that by the last devise the widow took a life estate only, with a conditional power of disposal annexed, which did not operate to enlarge the estate to a fee, and only authorized a disposition by the devisee in her lifetime and not by will. The limitation over was found not repugnant to the devise and was valid.
In Thomas v. Wolford (49 Hun 145, 146) the will gave to the wife all the estate during her lifetime and at her death ‘ ‘ should there be any left ” it was to be divided among the children or their heirs. It was held that the wife had power of disposition during her life and the power to consume, but that upon her death what had not been consumed or disposed of was devised to the children.
In Flanagan v. Flanagan (8 Abb. N. C. 413, 415) there was a testamentary gift to the widow of one third of the remainder absolutely, and the use of all the remainder during her life, and the 1 ‘ portion left ’ ’ of such remainder was given over to another. There was a finding that the donee for life had the right to dispose of the fund or diminish it even to exhaustion in any mode save by will, and the possible remainder on the widow’s death would go as directed by the testator.
In Leggett v. Firth (132 N. Y. 7, 10) there was a gift to the widow of “ all the rest and residue of my real estate, but, on her decease, the remainder thereof, if any” was devised and bequeathed to testator’s children. There was a finding that the widow took only a life estate but that by necessary implication *936 a beneficial power was conferred upon her to dispose of the residuary realty, with a limitation over in case of her death without exercising the power. We see little difference between this will and the one in hand.
In Seaward v. Davis (198 N. Y. 415, 417) testator gave his personal property to his wife and then provided that ‘ ‘ Whatever personal estate may remain at the decease of my wife I give and bequeath ” to designated legatees. Here again was a finding that the effect of such provision was to give the widow a life estate, with the absolute power of disposition during her lifetime, with the remainder over of such part as she might not dispose of, to the persons named in the will.
Mee v. Gordon (187 N. Y. 400) is in the same vein. There a clause of the will being construed, standing by itself, devised a portion of the estate to one John B. Mee absolutely, but an immediately succeeding clause so modified the gift as to reduce it to an interest for life, with remainder to Mee’s wife and children. The exact wording was (pp. 403-404): “I give, devise and bequeath my estate to be equally divided between my sister Elizabeth Illensworth, my brother John B. Mee, my nephew William P. Illensworth and my niece Florence C. Illensworth share and share alike. I hereby direct that the share due my brother John B. Mee be invested by my Executors for his benefit during his natural life and for the benefit of his wife and his issue after his death.” The court conceded that the first sentence standing alone and unmodified would have given a share to John B. Mee absolutely and without qualification, but noted that it did not stand alone and unmodified and the second sentence was sufficient to cut down the absolute estate first suggested to an interest for life, with remainder over to his wife and children.
Kendall v. Case (84 Hun 124,125) construed a will containing a clause reading: “ I give, devise and bequeath to my beloved wife, Polly, the control, use and incomes of all my property, both real and personal, of every nature, for her own benefit, so long as she lives, and after the death of my said wife, Polly, and after payment of funeral charges and erection of suitable tombstones, if any of said real or personal property is left, I order my executor to divide said remainder, share and share alike, and pay my said children or heirs as follows: ”. It was held that the widow had a life estate with power to dispose of the corpus of the estate, and a deed executed by her in her lifetime conveyed good title. To the same effect is Mitchell v. Van Allen (75 App. Div. 297).
*937 Matter of Ithaca Trust Co. (220 N. Y. 437, 439) construed a will which gave certain property to testator’s mother in fee and a codicil by which what was so given should be the mother’s absolutely, to use up, spend or give away in any way she saw fit, but “ I will and direct, in the event there is any of the property hereby willed to her left and undisposed of by her at the time of her death, that sum or amount of property thus willed to her shall belong to ” another. The question involved was whether the mother had the power to dispose by will of that part of the property that she did not use up, spend or give away in her lifetime. In other words, whether her title was absolute. The ordinary meaning of the words used in the codicil and the evident intention of the testator in their use, led the court to the conclusion that the mother had a life estate with power to use, spend, or give away the principal in her lifetime, but without power of disposition by will.
Matter of Weiss (124 Misc. 413, 414) involved a will not unlike the instant one. There the will gave all testator’s property to his widow ‘ ‘ to have and to hold, unreservedly, as sole heiress, absolutely and forever.” The next paragraph provided that upon the widow’s death the “ residue of said property, real and personal, is to go into possession” of two of testator’s sons. The Surrogate found that a limitation was effected by the second paragraph and concluded that the widow was entitled to full management and control of the property, with the right to sell or incumber it, and to use the income and principal, but upon her death, if any remained unused by her, it passed to decedent’s sons. A like construction of similar language is found in Matter of Nugent (142 Misc. 594) where, after a gift to the wife “ absolutely for all purposes ”, the will provided that after her death the remainder of the property “ then left ” was to go to two sons to be theirs absolutely for all purposes.
In the will under consideration, the executors contend that the language of the second sentence of clause third is not sufficiently clear and unmistakable to cut down or limit the absolute gift to the wife contained in the first sentence. They rely on Matter of Warren (13 A D 2d 269) which is not only clearly distinguishable but was reversed in 11 N Y 2d 463. They also place reliance on Matter of Ford (28 Misc 2d 394, 395) where an absolute devise to one person in one paragraph, was attempted to be modified by a subsequent paragraph which said it was made u with the distinct understanding ” that the devisees were not to sell any part of it during their lives, but in case the original devisee died first, her part was to be the property of another, and in case both died their shares were to go to a third *938 person, and at her death then it was to be equally divided among grandchildren. The decision rested upon that in Tillman v. Ogren (227 N. Y. 495, 496) which is authority for the proposition that the words ‘6 with the understanding” are precatory only and do not import a contract already made or arising from an acceptance of the devise and do not serve to limit an absolute devise. With this proposition we have no quarrel but that is not our case. Upon appeal in the Ford case (16 A D 2d 683) the court said that the words and phrases in the paragraph subsequent to the absolute devise were not as clear, definite, decisive and imperative as the words in the paragraph devising the absolute fee, and that in any event the language was so confused and uncertain as to render it impracticable to say with any degree of certainty what the testatrix intended, insofar as such paragraph could be validly enforced under the rules of construction; also that the language of the subsequent paragraph was inoperative and ineffectual because the court could not find therein any valid disposition intended by the testatrix. The will of Leo John Parant is subject to no such infirmities.
Perhaps at common law the executors’ position would have been tenable under the doctrine of repugnancy. That doctrine has now been changed, however, and a fee may be limited on a fee (Real Property Law, § 50). An expectant estate may be defeated in any manner or by any act or means which the party Creating such estate in the creation thereof has provided for or authorized (Real Property Law, § 57). The same rules apply to personalty (Personal Property Law, § 11).
We conclude therefore that the language of clause third of the will at hand, following the first sentence, is sufficiently clear and explicit to limit the bequest and devise in the first sentence and that it was testator’s intent that his widow take a life estate in the residue, with a beneficial power of sale, but with no power to dispose by her will of whatever was undisposed of or unconsumed by her in her lifetime. Helena G. Clark having predeceased Leo John Parant, it follows that such undisposed of portion of the residue of the latter estate now passes to Mary E. C. Woodward, George Ferris Cronkhite, James R. Cronkhite and Albert Parant equally, subject, however, to the payment therefrom of the debts and funeral expenses of Helen C. Parant.