Elizabeth Joan **ALLEN** and Alice Edna Stuhmer, individually and as Executrices of the Estate of Chester A. Allen, deceased, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

No. 64–C–681.

United States District Court E. D. New York.

May 21, 1965.

Wingate & Cullen, Brooklyn, N. Y., for plaintiffs, John F. Anderson, Brooklyn, N. Y., of counsel.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for defendant and third party plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., Herman Wilson, Attys., Dept. of Justice, Washington, D. C., for the United States.

ZAVATT, Chief Judge.

Plaintiffs have instituted this action against the United States seeking a refund of estate taxes in the amount of $18,271.33. In essence they claim that the interest passing under the last will and testament of Chester A. Allen, to his widow, Kathleen M. Allen, qualifies for the marital deduction provided for in 26 U.S.C. § 2056, the pertinent provisions of which provide:

"§ 2056. Bequests, etc., to surviving spouse

"(a) Allowance of marital deduction.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(b) Limitation in the case of life estate or other terminable interest.—

"(1) General rule.—Where, on the lapse of time, on the occur-

rence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

"(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;"

The action is now before this court on cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. There are no disputed questions of fact. The dispositive question presented by the pleadings is whether the interest passing to Mrs. Allen was a qualifying interest under § 2056 or whether it was, as the District Director has concluded, a nonqualifying, terminable interest. For the reasons hereinafter stated, it is the finding of this court that the interest was a nonqualifying, terminable interest; that the marital deduction was properly disallowed; that summary judgment must be entered for the defendant.

The last will and testament of Chester A. Allen executed on September 3, 1953, evidences a very clear testamentary intent. The preamble thereto provides:

"I have the problem of taking care of my daughter Alice Edna Stuhmer, a daughter by my first marriage, in order to fit in with the rights and privileges of my wife and within the arrangements of the law. In an effort to treat all of my children in exactly the same manner, I have arranged this Will in alternate parts. PART I will be effective provided my wife, Kathleen M. Allen, will make the agreement therein provided in form satisfactory to the Surrogate under whose jurisdiction this Will will be probated. PART II will be effective only in the event that my wife, Kathleen M. Allen, chooses not to make the agreement which I suggest and request, or is unable to do so."

The SECOND clause of PART I provides:

"SECOND: Provided my wife, Kathleen M. Allen, will sign and execute an agreement suitable to the Surrogate under whose jurisdiction this Will will be probated, and file it in the Surrogate's Court, or any such other place as the Surrogate may direct, under which agreement she is to contract to make a Will and leave her estate, which is to include the assets of her own estate, almost all of which have been gathered together from my earnings as we lived and shared together, and from our home which I purchased and placed in our two names as tenants by the entirety, as well as the estate which she will inherit by this PART I of my Will, in the following manner:

A: Payment of her just and normal debts and expenses.

B: Legacy or legacies not to exceed Five Thousand Dollars ($5,000.) in such manner as she may choose. If my daughter Elizabeth Joan Allen is unmarried at the time of my wife's death, I suggest but do not require that most, if not all, of this sum be left to Betty as an extra legacy.

C: All the rest, residue and remainder of my wife's estate to be shared in equal parts among my four children (the children of any child of mine who has predeceased my wife, to take their parent's share, per stirpes and not per capita). Alice Edna

Stuhmer, Kathleen Margaret Kehoe, Elizabeth Joan Allen and Chester A. Allen,

then and in such event, and upon the approval by the Surrogate of the required agreement and its filing, I give, devise and bequeath my entire estate to my wife, Kathleen M. Allen." PART II of the decedent's will provided that:

"PART II: In the event that my wife, Kathleen M. Allen, does not choose to execute the agreement provided for at the beginning of PART I of this my Last Will and Testament, or if she should die as the result of a common accident with me so that she could not execute such an agreement, then it is my Will and direction that my estate be distributed in manner following:

"SEVENTH: I direct that my just debts, funeral and administration expenses be paid as soon after my death as may be practicable.

"EIGHTH: I give, devise and bequeath to my wife Kathleen M. Allen such share of my estate as the law requires be given to a surviving spouse. In the event that my wife shall not survive me, or shall die in a common accident with me so that this provision of my Will is not effective, I divide this share equally among my children, Kathleen Margaret Kehoe, Elizabeth Joan Allen and Chester A. Allen.

"NINTH: I give, devise and bequeath to my daughter Alice Edna Stuhmer, all the rest, residue and remainder of my estate. If my daughter Alice Edna Stuhmer does not survive me, I make this bequest to either or both of my daughters Kathleen Margaret Kehoe and Elizabeth Joan Allen, in trust nevertheless, to use and apply it for the benefit of Alice's children, with full authority and direction to use the principal for the care, maintenance and education of the children in liberal manner, paying over the remainder, if any there be, in equal shares after the youngest child reaches the age of twenty-one years or earlier dies."

On August 6, 1961, Mrs. Allen, the surviving spouse, executed an agreement in conformity with PART I of the testator's will and became the devisee of the interest thereby devised and bequeathed. The nature and extent of that interest, and its status under 26 U.S.C. § 2056, determines the motions now before the court.

The legislative purpose underlying the marital deduction is clear; Congress sought thereby to equalize the estate tax liability of married persons residing in community property and in common law states. Although Congress has, in certain instances (see, for example, 26 U.S.C. § 2056(b) (5)) deviated from this goal so as to afford an even wider latitude of deductibility than equalization would demand, the basic structure of the marital deduction is limited by the desired goal of equality:

"The effect of the terminable-interest rule is to equalize the tax burden only where the common-law-state decedent gives up enough control over the ultimate disposition of the property to make his ownership comparable to that of a community-property-state decedent. The decedent in a community-property state cannot limit the surviving spouse's interest in her one half of the property, nor can he provide for the disposition of her interest after her death. In essence, the terminable-interest rule applies these limitations to decedents in common-law states." Note, Powers To Consume And The Marital Deduction, 39 N.Y. U.L.Rev. 504, 505 (1964).

Within the provisions of his will the testator did not expressly condition the devise and bequest to his surviving spouse so as to create a vested interest in his four children with regard to the unconsumed portion of his residuary estate. Rather, he conditioned the devise and bequest to Mrs. Allen upon her executing an agreement to that effect after his death; thus attempting to accom-

plish through such an agreement what the testator, for reasons of his own, chose not to do by his own last will and testament. The substance, rather than the form, of PART I of the testator's will compels the court to construe it as if the testator had done by direction what he has done by indirection; i. e., devised his residuary estate to his wife with the provision that the unconsumed portion thereof will pass upon her death to his four children. In the absence of the directed affirmative action by the widow in order to effectuate PART I of the will, the testator devised and bequeathed to his wife only "such share of my estate as the law requires to be given to a surviving spouse." In order to receive the benefits of PART I, the surviving spouse was required to limit her control not only over what she would receive thereunder but also over her own property.

In determining the nature of the legal interest thus passed to the surviving spouse by testator's will, state law controls; "[s]tate law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed." Morgan v. Comm'r, 309 U.S. 78, 80, 60 S.Ct. 424, 426, 84 L.Ed. 585 (1940). See also, Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154 (1942). The testator died a citizen and resident of the State of New York. Plaintiffs contend that, under New York law, a fee simple absolute passed to Mrs. Allen under the provisions of testator's will. Plaintiffs point to the strict letter of the language of that part of the SECOND clause whereby the testator stated that: "I give, devise and bequeath my entire estate to my wife, Kathleen M. Allen," and seek to buttress this contention by reliance upon Estate of Vermilya, 41 T.C. 226 (1963) (a case relating to Minnesota law), and Rastetter v. Hoenninger, 214 N.Y. 66, 108 N.E. 210 (1915). This court does not read either of these cases as supporting the contention that Mrs. Allen has received a fee simple absolute in the residuary estate of her late husband. On the other hand, there is considerable support to the contrary; numerous cases which hold that a devise similar to that contained in Mr. Allen's testatmentary scheme confers merely a life estate with a broad, but not absolute, power to consume.

In the case of In re Parant's Will, 38 Misc.2d 933, 239 N.Y.S.2d 151 (Surr.Ct., Washington County, 1963), the court was called upon to construe a similar devise containing equally absolute language:

"THIRD: All of the rest, residue and remainder of my property, both real and personal, *I give, devise and bequeath to my wife,* HELEN C. PARANT, *absolutely,* if she shall survive me. Upon and after my wife's death, if any property so given to her shall remain after the payment of all of her debts and funeral expenses, I give, devise and bequeath same, absolutely, to my adopted daughter, HELENA G. CLARK, of Cleverdale, Warren County, New York, if she be then living. Upon and after the death of HELENA G. CLARK, if any of the property so given to her shall remain after the payment of all of her debts and funeral expenses, I give, devise and bequeath same, in equal shares, to the following persons: * * *." 239 N.Y.S.2d at 152 (Emphasis added.)

The executors contended that this clause "should be construed as an absolute devise and bequest of the residue to the widow, upon the ground that the first sentence which is an absolute gift in its terms, is not qualified, cut down or limited by the subsequent language." 239 N.Y.S.2d at 153. The court noted that this contention "rests on quicksand"; rejected it, and concluded that the language of the above clause "following the first sentence, is sufficiently clear and explicit to limit the bequest and devise in the first sentence and that it was testator's intent that his widow take a life estate in the residue, with a beneficial power of sale, but with no power to dispose by her will of whatever was undisposed of or unconsumed by her in her lifetime." 239 N.Y.S.2d at 156–157.

In In re Nugent's Will, 142 Misc. 594, 255 N.Y.S. 236 (Surr.Ct., Orange County, 1932), the testator stated in the first clause of his will: "I give, *devise* and bequeath all the rest, residue and remainder of my estate * * * to my wife * * * *to be hers absolutely for all purposes, with full power to sell any* real estate of which I may die seized." 255 N.Y.S. at 236–237. This devise and bequest was followed by a second clause which provided that, after the death of testator's wife, the residue and remainder of testator's estate *"then left"* were devised and bequeathed to his sons. The court concluded that testator's will merely passed a life estate to the widow, with power to use or invade the principal. In In re Weiss' Will, 124 Misc. 413, 209 N.Y.S. 129 (Surr.Ct., Bronx County, 1925), the testator provided:

" 'First. To my beloved wife Margaretha Weiss *I give, bequeath and devise* all my property, real and personal, of whatever name and nature that may be and wheresoever situated and in my possession at the time of my death, *to have and to hold, unreservedly, as sole heiress, absolutely and forever.*

" 'Second. After the death of my said wife the residue of the said property, real and personal, is to go into possession of my two sons Willy Weiss and Conrad Weiss, in equal parts, share and share alike.' " 209 N.Y.S. at 130. (Emphasis added.)

The court concluded that despite the broad language of the first clause, testator's widow received merely a life estate and that upon her death the remainder, if any, would pass to the testator's sons. To the same effect, see In re Ithaca Trust Co., 220 N.Y. 437, 116 N.E. 102 (1917); Seaward v. Davis, 198 N.Y. 415, 91 N.E. 1107 (1910); Leggett v. Firth, 132 N.Y. 7, 29 N.E. 950 (1892); Terry v. Wiggins, 47 N.Y. 512 (1872).

The New York law is equally clear that where, as here, a devise or bequest creates a life estate with a broad power to consume, the interest therein does not pass without limitation;

that the courts will impose a good faith standard on the life tenant and preclude her from appointing to herself or wasting the assets so as to defeat the interests of the remaindermen. Thus, in In re Britt's Will, 272 App.Div. 426, 71 N.Y.S.2d 405, 408 (3rd Dep't 1947), the court noted:

"In cases where the grant of a life estate is coupled with expressions giving broad powers of disposition, the rule is that the life tenant is given an absolute and unlimited power of disposition and he may dispose of the property as he pleases so long as he acts in good faith and does not waster or squander the property for the purpose of preventing the balance of the estate from going to the remaindermen. The amount which a life tenant may use for his support and maintenance rests entirely in his honest judgment and discretion which cannot be controlled or limited by the courts in the absence of bad faith or fraud (Vincent v. Putnam, 127 Misc. 647, 217 N.Y.S. 381, affirmed 221 App.Div. 211, 223 N.Y.S. 361, affirmed 248 N.Y. 76, 161 N.E. 425)."

See also, In re Mitchell's Will, 15 Misc.2d 651, 181 N.Y.S.2d 436 (Surr.Ct., Nassau County, 1959); In re Ingraham's Estate, 197 Misc. 402, 95 N.Y.S.2d 183 (Surr.Ct., Bronx County 1950); In re Briggs' Will, 101 Misc. 191, 167 N.Y.S. 632 (Surr.Ct. Saratoga County), modified, 180 App.Div. 752, 168 N.Y.S. 597 (3rd Dep't 1917), aff'd, 223 N.Y. 677, 119 N.E. 1032 (1918). Moreover, it should be noted that in the instant case the testator's widow labors under an even more pronounced limitation than is evident in the above cases where the New York courts have concluded that a life tenant with broad power to consume cannot appoint to herself. This because, even if the law were not so, Mrs. Allen could not defeat the remaindermen's interest in the unconsumed balance of testator's estate by appointing that balance to her own estate. By the very terms of PART I of testator's will she has executed a binding agreement to

devise and bequeath not only the balance of testator's estate to his designated remaindermen, but also her own estate.

■ It is apparent that Mrs. Allen, by virtue of testator's will and the agreement compelled thereby, received a life estate with a broad, but not unlimited power to consume. The instant case is controlled by several decisions of the Court of Appeals for this Circuit which make it clear that her interest does not qualify for the marital deduction provided for in 26 U.S.C. § 2056. In Estate of Pipe v. Comm'r, 241 F.2d 210 (2d Cir.), cert. denied, 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed.2d 31 (1957), the testator devised and bequeathed to his widow a life estate with an unlimited power to consume during her lifetime. However, her husband's will precluded her from disposing of any balance which remained unexpended at her death and devised and bequeathed any such balance to certain designated remaindermen. The widow claimed that this bequest qualified for the marital deduction since, by virtue of a New York statute, N. Y. Real Property Law, § 149, McKinney's Consol.Laws, c. 50, her interest was changed to a fee simple with regard to claims of creditors. The Court of Appeals rejected this contention:

"This position is untenable, however, because one of the most significant elements of absolute ownership is the power of the owner to determine to whom the property shall pass upon his death. Section 149 specifically protects the interests of remaindermen limited after a life tenancy in the event the life tenant does not fully dispose of the property *during his lifetime*. Since Mrs. Pipe cannot make a testamentary disposition of any part of this estate, her interest is not converted into a fee simple absolute by section 149." 241 F.2d at 212.

See also, United States v. Lincoln Rochester Trust Co., 297 F.2d 891 (2d Cir.), cert. denied, 369 U.S. 887, 82 S.Ct. 1160, 8 L.Ed.2d 287 (1962); Estate of May v. Comm'r, 283 F.2d 853 (2d Cir. 1960), cert. denied, 366 U.S. 903, 81 S.Ct. 1045, 6 L.Ed.2d 202 (1961). From the foregoing discussion it is also apparent that the interest passing to Mrs. Allen does not come within the exception to the general terminable interest rule which is provided for in 26 U.S.C. § 2056(b) (5).[1]

■ The court finds plaintiffs' other contentions to be without merit. Testator's estate cannot claim a marital deduction for the property which would have passed to the widow under Clause EIGHTH of testator's will had she chosen not to execute the agreement provided for in the SECOND clause; she did execute that agreement and the interest which passed to her was that provided in PART I of the will. Nothing passed to the widow under PART II of the will. Since

1. "§ 2056. Bequests, etc., to surviving spouse

\* \* \* \* \*

"(b) Limitation in the case of life estate or other terminable interest.—

\* \* \* \* \*

"(5) Life estate with power of appointment in surviving spouse.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

"(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

"(B) no part of the interest so passing shall, for purposes of paragraph (1) (A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events."

she did not elect to take against the will, Treas.Reg. § 20.2056(e)–2(c) cited by the plaintiff is inapplicable.

The property interest passing to Mrs. Allen under testator's will is one which will terminate on the event of her death. 26 U.S.C. § 2056(b) (1). As to this property interest an interest therein "passes or has passed * * * from the decedent to [a] * * * person other than [the] surviving spouse (or the estate of such spouse)." 26 U.S.C. § 2056 (b) (1) (A). By reason of such passing the remaindermen "may possess or enjoy [a] part of such property after such termination" of her interest. 26 U.S.C. § 2056(b) (1) (B). Accordingly, it is the finding of this court that the interest passing to Mrs. Allen was a nonqualifying terminable interest under 26 U.S.C. § 2056(b) and that the District Director properly disallowed the marital deduction. The plaintiffs' motion for summary judgment is denied; the Government's motion for summary judgment is granted.

Settle an order consistent herewith on or before ten (10) days from the date hereof.